[Sac. No. 117.   Department Two.—December 18, 1896.]

## EDWARD A. VON SCHMIDT, Respondent, *v.* ALFRED W. VON SCHMIDT, Appellant.

Appeal from Judgment Favorable to Appellant. — Where a judgment appealed from is clearly favorable to appellant, it should not be reversed unless for some material error which is quite clear and palpable.

Partnership—-Accounting—Improvement of Land—Proceeds—Family Expenses.—In an action for an accounting and settlement of a partnership between a father and son for the purchase, improvement, development, and cultivation of land, where the father was to advance the purchase money for the land, for which he was to be reimbursed, and was also to advance from his individual resources all the outside independent capital and money that should be necessary to the development and cultivation of the land as an offset against the care and services of the son in its development, and not that the proceeds of the land should not be used in its future development and cultivation, and there was no agreement that the son was to be entitled to support for himself and family, it is not error for the court to refuse the son a credit for one-half of the proceeds of the land, where there is no finding as to the amount of his family expenses, and it is evident that that amount would exceed one-half of such proceeds.

Appeal from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

*E. F. Edwards,* for Appellant.

*Frank H. Short,* for Respondent.

The Court.—This action is for an accounting of the affairs and business of an alleged partnership. The court found that upon the accounting defendant was indebted to plaintiff, on account of said partnership, in the sum of $3,200, and also interest for a certain period upon the sum of $1,600, making in all $4,616. Defendant appeals from the judgment. There is also in the transcript a notice of an appeal from an order denying a motion for a new trial; but there is no bill of exceptions, or statement, and this latter appeal has been abandoned. The appeal from the judgment rests entirely upon the judgment-roll, which includes findings of the court below, where the case was tried without a jury. Appellant does not make any point upon the pleadings; but he contends that under the findings there should have been a balance decreed to him of something over $5,000 against plaintiff, instead of a balance of $4,616 in favor of plaintiff.

The judgment is so clearly favorable to the appellant that it should not be reversed, unless for some material error which is quite clear and palpable. The court finds that in 1881 one Alexey W. Von Schmidt, the father of appellant, and the appellant entered into a partnership for the purchase, improvement, development, and cultivation of certain described land; that the land was purchased by the said father, and the deed taken in the name of the son, appellant herein, who afterward redeeded one undivided half thereof to his father; that the father was to be reimbursed for the amount expended by him in the said purchase; that

the appellant was to superintend and assist in the development and improvement of said property, and that the father should advance the expenses therefor, and that the services of the appellant should be a setoff against the money that should be advanced by the father; that the father from time to time advanced, over and above what was received by him upon the sale of some of the property, the net sum of $63,938.33; that the appellant advanced the sum of $93.50, and no more; that the appellant devoted his time, skill, and labor, personally to the development, etc., of said lands, and planting and improving the same, since about the 27th of February, 1881; and that, with the exception of about $2,400 diverted by appellant to other uses, and "a reasonable amount for the support and maintenance of the defendant and his family upon said premises," the appellant has devoted the proceeds and product of said property toward the expenses and improvement thereof, which proceeds aggregate the sum of $20,838. (The father afterward assigned the interest to plaintiff.)

Now, the whole contention of appellant is that, as he used this latter sum of money, which was derived from the proceeds and profits of the property, to the expenses of its improvement, cultivation, etc., he should be credited with one-half of that amount, and that under this view he would be entitled to a judgment of about $5,000 against plaintiff, and that the judgment should be so amended. The court does not find what the amount of the support and maintenance of defendant and his family was, although, as this complaint was not filed until February, 1895, more than thirteen years after the appellant commenced living on the land, it is quite evident that such amount would greatly exceed the claim made by appellant here as to half of said proceeds of the land; and, as there is no pretense that under the agreement the appellant was entitled to any support for himself and family, it is clear that, if the court had found the amount of said expenses, it should have been added to the charges against appellant. But as the

amount of such expenses was not found they cannot be considered on this appeal; and the only question is whether, upon the findings, the court clearly erred in not crediting appellant with one-half of the value of the products and proceeds of the land which were used in its improvement, development, etc.   We do not think that the court so erred.   The findings were, no doubt, somewhat carelessly and loosely drawn; but we think that, under a fair construction, they mean merely that the father was to advance from his individual resources all the outside, independent capital and money that should be necessary to the development and cultivation of the land, and not that the proceeds of the land itself should not be used in its future development and cultivation.   Under this view the judgment is in all respects sustained by the findings.

The judgment and order appealed from are affirmed.