ANNA RABORN, *Appellant*, v. JOHN D. RABORN, *Appellee.*

Opinion Filed January 14, 1921.

Where there is sufficient evidence to sustain a decree of divorce and awarding the custody of minor children, but the provision of the decree denying alimony to the wife appears to be inequitable, the decree may on appeal be affirmed in part and reversed in part so as to allow appropriate provision to be made by the lower court for the support of the wife as the circumstances may warrant.

An Appeal from the Circuit Court for Walton County; Daniel A. Simmons, Judge.

Affirmed in part; reversed in part.

*S. K. Gillis,* for Appellant;

*Walter Kehoe,* for Appellee.

PER CURIAM.—Appellee brought a bill for divorce against appellant, alleging three statutory grounds, *viz.,* desertion, extreme cruelty and habitual indulgence in violent and ungovernable temper. The defendant wife asked for alimony and by answer denied the charges against her. Voluminous testimony was taken. The chancellor granted a divorce to the husband and awarded four of the children to him, decreeing also an allowance of thirty dollars per month to the wife for the support of the other two children committed to her care and custody. Alimony was denied. The defendant wife appealed and contends here that the decree is erroneous in granting the divorce on the testimony, and in refusing alimony.

There is substantial evidence warranting a decree of divorce. Upon the authority of Carlton v. Carlton, 78 Fla. 252, 83 South. Rep. 87, the decree granting the divorce is affirmed; and the decree as to an allowance to the appellant for the support of two children committed to her care is also affirmed. But the decree denying ali-mony is reversed and the matter of appropriate provision for the support of the appellant is reserved to the lower court for proper action should the circumstances of the case warrant it.

It is so ordered.

Browne, C. J., and Taylor, Whitfield and West, J. J., concur.

Ellis, J., dissents.