This was a divorce suit brought by the husband against the wife upon the grounds of extreme cruelty and habitual indulgence in violent and ungovernable temper. The wife filed an answer and counter claim denying the allegations of the bill and making charges against the husband of conduct of a somewhat similar nature to that charged against her, and praying alimony both pendete lite and permanent, and the exclusive custody of the children. Soon after the bill was filed, a stipulation was entered into between the parties, through their respective solicitors, and filed in court, fixing $150.00 as a reasonable temporary solicitor's fee to be paid by the complainant to the defendant, and providing that complainant should also pay a certain amount per month as house rent for the house occupied by the defendant and a certain sum per month as alimonypendente lite, which amounts, it appears, were paid. The stipulation provides that the payment of the said sums "shall be in lieu of and in payment of all claim or claims of the defendant and her counsel as and for temporary solicitor's fees, alimony pendente lite, and suit money," etc. A Special Master was appointed, considerable testimony taken, and about six months later the Master's report and findings were filed, which were in favor of the contentions of the complainant husband and adverse to those of the wife on all points. In the final decree, the court in the main followed the findings and recommendations of the Special Master, but sustained the defendant's exception to that part of the Master's findings to the effect that the defendant was not entitled, on the evidence, to temporary alimony, suit money and attorney's fees. The *Page 827 
court also found the equities in favor of the complainant husband and awarded the custody of the children to him, disallowing the counter-claim of the wife for the custody of the children and permanent alimony, but allowing the defendant to visit the children at certain stated times; and as amended by a subsequent nunc pro tunc order, the court also ordered that the complainant pay to "W. C. Kent, as solicitor of record for the defendant," the sum of $750.00, in addition to the sum of $150.00 theretofore paid, which the court ascertained to be a reasonable fee for the services of the defendant's solicitor therein. The complainant filed a motion to modify the final decree by striking this latter provision therefrom, which motion was denied.
From said final decree, the defendant took an appeal to this court, assigning various errors, including the action of the court in awarding the custody of the children to the complainant husband, the dismissing of the defendant's counter-claim, and the failure to grant permanent alimony. The complainant also appealed from the decree, assigning as errors that part of the decree providing for the payment by the complainant of an additional sum of $750.00 as solicitors' fees, and that part allowing the defendant to visit the children at certain stated times. After appeal was taken, a stipulation was filed in this court providing that the complainant in the court below should pay the sum of $350.00 as a reasonable solicitors' fee for the prosecution of the appeal taken by the wife. Subsequently, and after the filing of briefs in this court, the appellant, defendant in the court below, filed a formal abandonment of all of her assignments of error. The only assignment of error now insisted upon is that made by the cross-appellant, complainant in the court below, attacking paragraph 9 of the final decree as amended by nunc pro tunc
order, providing "that the complainant do pay to W. C. Kent as solicitor of record for Flora A. Smith the sum of $750.00, which amount, in addition *Page 828 
to the $150.00 heretofore paid by the complainant to the defendant, is found to be a reasonable fee for the services of the solicitors for the defendant herein."
Section 3194 of the Revised General Statutes of 1920 reads as follows: "In every suit by a wife for a divorce founded upon any of the grounds mentioned in Section 3191, she may in the bill for divorce, or by petition, claim alimony and suit money, and, if the bill seems well founded, the court shall allow a reasonable sum therefor. Or if a wife defendant in any suit for divorce, shall in her answer, or by petition, claim alimony or suit money, and the answer or petition shall seem well founded, the court shall allow a reasonable sum therefor."
In Nelson on Divorce and Separation, Section 854, it is said: "When the wife applies for temporary alimony and suit money, she must show that she has a probable cause for divorce, or, if she is the defendant, that she has a valid defense to the suit. This is required to prevent imposition upon the court and to protect the husband from being compelled to assist the wife in her suit where she has no cause of action and the suit must fail. Generally the court refuses to enter into an examination of affidavits to determine the merits of the case before allowing alimony. But the pleadings are inspected, and alimony is refused if her pleadings do not state a cause of action or a defense." And in Section 875 we find the following: "The term 'suit money' is broad enough to include solicitor's fees and all costs and expenses of the divorce proceedings. The rules for the application for and practice in granting suit money do not differ materially from those governing temporary alimony. Suit money is in fact a specific part only of the temporary alimony, and is granted under the same conditions. It is likewise subject to the order of the court, and may, at its discretion, be increased or diminished with the varying necessities of the case." *Page 829 
In Phelan v. Phelan, 12 Fla. 449, on page 456, it was said, speaking of temporary alimony: "This allowance is not a matter of right in the wife. It is a creature of the ecclesiastical courts, the purpose of which is to aid the wife to have justice done when she is without means, and makes a prima facie case on her pleadings; and is never awarded when the wife fails in her suit and the making of the order for it is postponed to the hearing."
In Sanchez v. Sanchez, 21 Fla. 346, it was held that an order for alimony and suit money made on the application of the wife, where it did not appear by the record that the husband was duly notified of the motion, and had an opportunity of opposing same, would be set aside.
Both these cases were decided before the act, now Section 3194, above quoted, was adopted.
In Schoular on Marriage and Divorce, Section 1782, it is said: "Statutes allowing the award of counsel fees pending the petition for divorce cover the period between the commencement of the action and the rendering of a final judgment. The award of counsel fees is an interlocutory matter and cannot usually be made in the final decree, except that it may be made in the final decree by stipulation. * * * A statute rendering the husband liable for his wife's attorney's fees does not apply to her appeal from a decree of divorce against her, she being no longer his wife."
There is considerable authority in this country in favor of the rule that generally no allowance can be made for counsel fees which have already been earned; that such an allowance looks to the future, and there can be no necessity for an allowance to make a defense which has already been made. See 19 Corpus Juris, Section 545, p. 229, and Section 549, p. 233, and cases cited; also, Loveren v. Loveren, 100 Cal. 493; Hengen v. Hengen, 85 Or. 155; McCarthy v. McCarthy (N.Y.), 33 N.E. 550; Lacey v. Lacey (Cal.), 46 P. 1056; Emerson v. Emerson, 26 N Y Sup. 293, and *Page 830 
37 N.E. 826; and Beadleston v. Beadleston, 103 N.Y. 402;8 N.E. 735. However, where an allowance for solicitor's feespendente lite is prayed in the bill where the wife is the complainant, or in the answer or counter claim or by petition where the wife is defendant, and the pleadings of the wife make out a prima facie case, either affirmative or defensive, and testimony is taken bearing on such matters, the faculties of the parties, etc., either on special hearing or during the taking of testimony on the main issues, we are not prepared to say that under our statute an order of the court allowing solicitor's fees, even though delayed until the final decree, would be in no case valid and enforceable; though disposition of such matters in the earlier stages of the cause, is both usual and the better practice. The decision of this question is, however, hardly necessary in the instant case.
The authorities are practically unanimous in holding that, while the wife's attorney is the real party interested in obtaining the allowance of attorney's fees, yet he is not a party to the suit, and the order should be that the amount must be paid to the wife, or to the clerk of the court, for the use of the attorney. Nelson on Divorce and Separation, Vol II, Section 880; Schouler on Marriage and Divorce, Vol. II, Section 1785; 19 Corpus Juris, 233. See also, as bearing on the question, U.S. Bank v. Pittman, 80 Fla. 423, 86 So. 567. The decree was clearly erroneous in this particular, even were the propriety of the additional allowance conceded.
"A stipulation concerning the proceedings in a pending cause is an obligation unlike ordinary contracts between parties not in court, since no consideration is necessary to its validity, no mutuality is required, it may bind those incapable of binding themselves out of court, and it is subject to the supervision of the court. Generally all stipulations of parties or their attorneys for the government of *Page 831 
their conduct or the control of their rights, in the trial of a cause or the conduct of a litigation, are enforced by the courts, if such stipulations are not unreasonable, nor against good morals or sound public policy." 20 Ency. of Pleading and Practice, 607.
In order to obtain relief against a stipulation, the regular course is not simply to ignore or attempt to evade it, but to make a seasonable and affirmative application by formal motion to the court, on notice, and supported by affidavit for its withdrawal or revocation." 20 Encyc. of Pleading and Practice, 666. "The court will enforce valid stipulations, unless some good cause be shown for declining to do so, especially where the stipulation has been acted upon so that the parties cannot be placed in statu quo." Same authority, page 662, and 25 R. C. L. 1095, et seq. A number of authorities are cited in support of these propositions. See also P. I. R. Co. v. State,23 Fla., 545, 3 So. 158, and Mugge v. Jackson, 50 Fla. 235,39 So., 157; see also Rule 43 of Circuit Court Rules.
Where the parties themselves have agreed as to what is fair and reasonable as an allowance for alimony pendente lite and solicitors' fees, and where there is nothing in the record tending to show that such agreement was obtained by fraud, misrepresentation or mistake, and where such stipulation has been acted upon and the payments therein provided made throughout the pendency of the suit, it would appear that in such case the better practice would be for the court not to override such stipulation and subject one of the parties to further expense by way of an additional allowance, either of alimony or suit money, without first giving such party an opportunity to be heard upon proper motion or petition filed by the party desiring to be relieved from the stipulation, of which, and of the hearing thereon, due notice is given. Especially is this true in a case where the court includes the requirement for the payment of such an *Page 832 
additional solicitor's fee by the husband in a final decree granting the complainant husband a divorce for the fault of the wife and denying permanent alimony. And the court below was without error in denying permanent alimony. In such cases, the allowance of permanent alimony is not justifiable, as was held by this court in Phinney v. Phinney, 77 Fla. 850, 82 So. 357, unless special equities, such as form the basis of the decisions in Carlton v. Carlton, 78 Fla. 253, 83 So. 87, also same case in 87 Fla. 460, 100 So. 745, and Raborn v. Raborn,81 Fla. 51, 87 So. 50, warrant a departure from the general rule. Such special equities do not appear in the instant case. See also in this connection Beekman v. Beekman, 53 Fla. 858,43 So. 923, where it was held that where the life without just cause abandons the home of the husband, and has no legal status or cause for claiming a divorce, it is error to grant her temporary or permanent alimony, or suit money, or divorce. The stipulation in this case was certainly binding upon the parties, and, for aught that this record shows, was entitled to be respected and enforced by the court, and if for any sufficient reason either party desired relief therefrom, such party should have seasonably brought the matter to the attention of the court by proper motion or petition, and due notice to the other party. No such motion was made in this case, nor does the decree state any reasons for the allowance of the additional amount, which additional amount is five times the amount of the fee stipulated for. It is true, the ordernunc pro tunc, merely changing the name of the payee in the final decree from "the defendant or her solicitors of record," to "W. C. Kent as solicitor of record for Flora A. Smith," recites that said order was made "upon the motion of W. C. Kent, solicitor of record for Flora A. Smith." But even this motion does not appear in the record. We do not mean to infer that the learned trial judge made this additional allowance arbitrarily and without just cause, but however good the *Page 833 
reason underlying his action may have been, the record does not disclose it, nor does it show any hearing or notice whatever to the opposite party in regard thereto.
The making of such stipulations as the one here involved should be encouraged rather than discouraged, to facilitate the progress of causes and save the time of the courts, and, aside from the sanctity accorded by the courts to contractual obligations generally, it would appear to be a wise policy for the courts to recognize and enforce such stipulations between the parties, when fairly and voluntarily entered into, unless good cause to the contrary be seasonably and properly brought to the court's attention. If such stipulations, when reasonable and made in good faith, are not respected and enforced by the courts, counsel and litigants would hesitate to enter into them.
We conclude, therefore, that the court below was in error in including in its final decree, in paragraph 9, the order above referred to requiring the complainant to pay to the named solicitor for the defendant the additional sum of $750.00. The decree of the court below is affirmed, except as to said paragraph 9, which is hereinabove quoted in full, and as to this paragraph, the decree is reversed, on the cross-appeal of the complainant in the court below.
Final decree reversed in so far as it awards said additional solicitor's fee of $750.00.
ELLIS AND STRUM, J. J., concur.
WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion. *Page 834