LULU J. PENNEY and H. W. PENNEY, her husband, *Appellants*, vs. FIRST TRUST & SAVINGS BANK, a Florida Banking Corporation, *Appellee*.

135 So. 805.

Division A.

Opinion filed June 24, 1931.

*Posey C. Sumner* for Appellants;

*Miller & McKay* and *James A. Dixon,* for Appellee.

BUFORD, C.J.—This was an appeal from final decree in a foreclosure suit.

Decree pro confesso was taken against some of the parties. Other parties answered the bill. Order of reference was made on August 23rd, 1929. The Master fixed and gave notice of several dates for the taking of testimony.

On the 4th day of November, 1929, a stipulation was entered into between all parties to the suit except those as to whom decree had been entered that time for taking testimony should be extended to the 4th day of December, 1929. On the 6th day of December, 1929, counsel for the several parties above mentioned entered into another stipulation extending the time for taking testimony until the 4th day of January, as the record shows, 1929. However, this will be construed to have been the 4th day of January, 1930, as it could not have been the intention of the parties to extend the time to a date which was eleven months past and all of the balance of the record shows that 1929 is a typographical error. The Master's report shows that the last testimony was taken on December 20, 1929. The testimony was filed, together with the Master's report on January 15th, 1930. On the 29th day of January, 1930, defendants in the court below moved to suppress the testimony taken after the expiration of the time for taking of same under the law and rules of court. There were no exceptions to the Master's report.

On the 7th day of March, 1930, the Court entered its order nunc pro tunc extending the time for taking the testimony to January 4th, 1930.

Whether or not the Court was authorized to make the order nunc pro tunc at the time at which it was made, no order having been made theretofore for such extension of time, becomes immaterial for consideration here.

The appellants entered into a solemn and binding stipulation extending the time for taking testimony to January 4th, 1930. The question which we are required to determine is:

"Where counsel for complainant and defendant have stipulated in writing for an extension of time in which to take testimony, and testimony is taken within the time limited in such stipulation, and the Court recognizes and enforces such stipulation by considering such testimony, may one of the parties to such stipulation repudiate it by attempting to suppress the testimony so taken?"

The court below answered this question in the negative, which answer was correct. It is a well settled rule that courts will enforce valid stipulations unless some good cause be shown for declining to do so, especially where the stipulation has been acted upon so that the parties could not be placed in status quo. The parties entering into the stipulation here under consideration were the only parties who could be affected by the testimony. They were sui juris and were just as firmly bound by the stipulation extending the time for taking the testimony as if they had entered into a stipulation setting up a statement of facts and agreeing that the same should be considered by the court in lieu of other testimony.

In Smith vs. Smith, 90 Fla. 824, 107 Sou. 257, Mr. Chief Justice Brown, discussing the force and effect of stipulations fairly and voluntarily entered into between the parties, said:

"The making of such stipulations as the one here involved should be encouraged rather than discouraged, to facilitate the progress of causes and save the time of the courts, and aside from the sanctity accorded by the courts to contractural obligations generally, it would appear to be a wise policy for the courts to recognize and enforce such stipulations between the parties, when fairly and voluntarily entered into, unless good cause to the contrary be seasonably and properly brought to

the court's attention. If such stipulations, when reasonable and made in good faith, are not respected and enforced by the courts, counsel and litigants would hesitate to enter into them."

The stipulation there referred to was in regard to alimony pendente lite and solicitor's fees, but we discern no reason why the argument and rule stated in that case should not apply with equal force to the one now under consideration.

The decree should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.