PASCO HOLDING COMPANY, and WALTER J. DOLAN PROPERTIES, INC., v. R. E. WELLS, *et ux.*

171 So. 674.
Division B.
Opinion Filed November 30, 1936.
Rehearing Denied January 19, 1937.

*Leland Hyzer,* for Appellants;

*Shipp, Evans & Kline* and *Dayton & Dayton,* for Appellees.

BUFORD, J.—In this case the appeal brings for review final decree of foreclosure and order confirming sale.

After the filing of bill of complaint, answer thereto, motion to strike, orders on motion to strike, amendment of bill of complaint, motion to strike the answer of defendants' and order granting the motion, stipulation of counsel was entered as follows:

"It is hereby stipulated and agreed between J. H. Mercer, Solicitor for the defendants, Pasco Holding Company, a Florida Corporation, and Walter J. Dolan Properties, Inc., a Florida Corporation, and Shipp, Evans & Kline and Dayton, Dayton & Dayton, Solicitors for the Plaintiffs, R. E. Wells and Geraldine B. Wells, that the plaintiff's Motion to Strike Answer of Defendants, Pasco Holding Company and Walter J. Dolan Properties, Inc., heretofore filed in' the above entitled cause may be sustained by the Court, and the Defendants' Motion to Dismiss Bill of Complaint be stricken, and that the plaintiff may proceed before the Honorable John I. Viney, one of the Judges of the above entitled Court, at Chambers in the Court House at Dade City, Florida, on November 15th, A. D. 1935, at 10 A. M. to a

final hearing of said cause and that a final decree may be entered therein at that time.

"Dated this the 13th day of November, A. D. 1935.
"SHIPP, EVANS & KLINE,            J. M. MERCER,
"By A. W. EVANS.   . Solicitor for Pasco Holding Co.,
                          and Dolan Properties, Inc.

"DAYTON, DAYTON & DAYTON,
"Solicitors for R. E. Wells and wife.
"By GEORGE C. DAYTON."

Pursuant to that stipulation, final decree was entered on testimony taken before the Chancellor. Thereafter the appellants filed motion to set aside the final decree in which they challenged the authority of counsel to enter into the stipulation above quoted.

The question presented here has been determined adversely to the appellants in a number of cases in this Court. In the case of Phillips v. Acacia Mutual Life Insurance Co., opinion filed April 24, 1936, reported in 168 Sou., page 34, we said:

"The final decree was by consent of counsel for both parties and was approved in good faith by them and the chancellor. The petition for bill of review and this appeal is an attempt on the part of appellants to relitigate the cause by new counsel.

"The rule is general and is approved by this Court, that any defenses in behalf of either party are waived by stipulation and consent for a final decree. If the defendant assents to a decree by its solicitor, it is equivalent to a finding of fact that the solicitor was authorized to act as he did, and it binds the court on appeal so far as the question is one of fact. It is also an admission that the facts existed

on which the decree rests. Pacific Railroad Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; Hefferman v. Burt, 7 Iowa 320, 71 Am. Dec. 445; Dunman v. Hartwell, 9 Tex. 495, 60 Am. Dec. 176; 25 R. C. L. 1098."

In Penney, *et al.,* v. First Trust & Savings Bank, 102 Fla. 185, 135 Sou. 805, we said:

"Courts will enforce valid stipulations unless some good cause be shown for declining to do so, especially where the stipulation has been acted upon so that the parties could not be placed in status quo."

In Smith v. Smith, 90 Fla. 824, 107 Sou. 257, we held:

"The general rule is that stipulations voluntarily entered into between the parties to a cause or their attorneys, for the government of their conduct and the control of their rights during the trial or progress of the cause, will be respected and enforced by the courts, where such stipulations are not contrary to good morals or sound public policy."

The motion to vacate and set aside the final decree was insufficient and was properly denied.

The record discloses no reversible error and the decree should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.