BARKDULL, THOMAS, H., Jr., Associate Judge.
Appellant seeks review of an order entered by the trial judge, enforcing a written stipulation, and assigns as error the failure of the trial judge to relieve the appellant [defendant in the trial court] from the obligations assumed under the stipulation.
As a result of the hearing seeking relief from the stipulation, the court, in entering the order denying such relief, made the following finding:
“ * * * it appearing to the court that the Plaintiff has acted or not acted to his disadvantage, based upon the stipulation, and that it would be an error at law not to accept the Stipulation as the agreement between the parties.”
It is incumbent upon a party moving to avoid the consequences of a written stipulation to show good cause why the terms of the stipulation should not be carried out. See: Smith v. Smith, 90 Fla. 824, 107 So. 257; Penney v. First *501 Trust & Savings Bank, 102 Fla. 185, 135 So. 805; Dunscombe v. Smith, 139 Fla. 497, 190 So. 796. The record on this case is silent as to any good cause warranting relief from the stipulation. The finding of the trial judge arrived in this court with a presumption of correctness, [See: Mellet v. Henry, Fla.App.1959, 108 So.2d 69; Meadows Southern Construction Co. v. Pezzaniti, Fla.App.1959, 108 So.2d 499; Weintraub v. Field, Fla.App.1962, 143 So. 2d 54] and the appellant has failed to make error appear on this appeal. Therefore, the final judgment is affirmed.
Affirmed.
KANNER, Acting C. J., and BARNS, PAUL D., Associate Judge, concur.