663 So.2d 663 (1995)
Kathleen Ann JOHNSON, Appellant,
v.
Gary Robert JOHNSON, Appellee.
Nos. 94-00966, 94-02583.
District Court of Appeal of Florida, Second District.
October 25, 1995.
Rehearing Denied November 29, 1995.
*664 William C. Hamm, Jr., of Smith & Hamm, P.A., Lake Alfred, for Appellant.
John W. Frost, II, and Mark A. Sessums, of Frost, O'Toole & Saunders, P.A., Bartow, for Appellee.
LAZZARA, Judge.
In these consolidated appeals, the wife, Kathleen Johnson, challenges various aspects of a final judgment of dissolution of marriage, as well as the trial court's separate order denying her motion for attorney's fees and costs and directing her to repay the husband, Gary Johnson, fees and costs previously paid to her under a court-approved stipulation. As to the final judgment, we disagree with the wife's arguments and affirm. We also disagree with her argument that the trial court erred in failing to award her additional attorney's fees and costs. We conclude, however, that the trial court erred in requiring the wife to repay temporary fees and costs to the husband. Accordingly, we reverse and remand with directions that this provision of the trial court's order be stricken.
The trial court rendered a Final Judgment of Dissolution of Marriage in which it determined that the wife was entitled to attorney's fees and court costs and reserved jurisdiction to determine the amount.[1] She then appealed other aspects of the judgment. The trial court later conducted a hearing on the wife's motion for attorney's fees and costs and rendered an order denying that motion.[2] It concluded, based on the scheme of equitable distribution fashioned in the final judgment, "that the Wife is not entitled to additional attorney's fees, costs or suit monies." The trial court also concluded that because each party was now capable of meeting their own litigation expenses, "the Wife shall repay the Husband such monies as were previously ordered" within ten days. The wife also appealed this order, and, as noted, we are compelled to reverse its repayment provision.[3]
During the course of litigation, the parties stipulated at a hearing before the trial court as to the amount of temporary fees and costs the wife would need to pursue her claims. The trial court approved this stipulation and entered an order directing the husband to pay a portion of these sums. It also provided in the order that in the event the case was not resolved through mediation, the wife could later apply for additional fees and costs "as may be necessary to bring this matter to a conclusion." The husband eventually paid $28,000 pursuant to the order. Significantly, the record does not reflect that the husband ever sought repayment of this sum prior to the hearing on the wife's motion for attorney's fees and costs. It is clear, therefore, that the parties entered into a court-approved pretrial stipulation regarding the wife's entitlement to and need for a fixed amount of temporary fees and costs, and the husband never sought to rescind that stipulation.
It is well settled in this state that "[a] stipulation properly entered into and *665 relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court." Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla. 1971). Furthermore, "[u]nless grounds for rescission or withdrawal are shown, the trial court is bound to strictly enforce the agreement between the parties." EGYB, Inc. v. First Union Nat'l Bank, 630 So.2d 1216, 1217 (Fla. 5th DCA 1994). These principles are in recognition of the value which stipulations bring to the legal system in terms of simplifying issues, limiting or shortening litigation, saving costs to the parties, and preserving judicial economy and resources. Dunscombe v. Smith, 139 Fla. 497, 190 So. 796 (1939). Accordingly, to foster the legal policy of encouraging stipulations to minimize litigation and expedite resolution of disputes, the law provides that "[s]uch stipulations should be enforced if entered into with good faith and not obtained by fraud, misrepresentation, or mistake, and not against public policy." Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 182 (Fla. 1994).
In Smith v. Smith, 90 Fla. 824, 107 So. 257 (1925), the Florida Supreme Court applied these basic principles in a case involving a stipulation for attorney's fees. There the parties stipulated pretrial that the wife was entitled to a sum certain for fees. The trial court in its final judgment, however, awarded a larger sum to the wife. In reversing the award of the additional fee, the court stated:
The stipulation in this case was certainly binding upon the parties, and, for aught that this record shows, was entitled to be respected and enforced by the court, and, if for any sufficient reason either party desired relief therefrom, such party should have seasonably brought the matter to the attention of the court by proper motion or petition, with due notice to the other party.
90 Fla. at 832, 107 So. at 260. The court further observed that "[i]f such stipulations, when reasonable and made in good faith, are not respected and enforced by the courts, counsel and litigants would hesitate to enter into them." 90 Fla. at 833, 107 So. at 260.
In accord with the cited cases, we conclude that the trial court's order of repayment constituted a unilateral abrogation of the parties' court-sanctioned stipulation regarding temporary fees and costs and must be reversed for the following reasons. First, the parties agreed in good faith to a fair and reasonable amount of temporary fees and costs to be awarded the wife, which the trial court approved and the parties relied upon. Second, there is nothing in this record demonstrating that the agreement was obtained by fraud, misrepresentation, or mistake or that it violated public policy. Finally, the husband at no time sought relief from the stipulation. Accordingly, the trial court was obligated to strictly adhere to the parties' agreement and, based on this record, had no authority to unilaterally rescind it.
We, therefore, reverse that part of the trial court's order on fees and costs requiring the wife to repay the husband those sums he previously paid under the court-approved stipulation and direct that on remand this provision be stricken.
Affirmed in part, reversed in part, and remanded with directions.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.
NOTES
[1] Because the trial court did not set the amount, this provision of the judgment determining entitlement constituted a nonappealable, nonfinal order. McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994).
[2] We note that the trial court had jurisdiction to rule on the wife's motion despite the pendency of the main appeal. Fla.R.App.P. 9.600(c); Smith v. Smith, 382 So.2d 1242 (Fla. 2d DCA), appeal dismissed, 392 So.2d 1379 (Fla. 1980).
[3] The trial court later stayed the repayment provision pending appeal but ordered the wife to place these funds in an interest-bearing account under the control of her attorney.