ORFINGER, C.J.
 

 Christopher G. Tuomey, the former husband, appeals the final judgment of dissolution of marriage to Debra B. Tuomey,
 
 *584
 
 the former wife. Although the former husband raises a number of challenges to the court’s equitable distribution and parenting plan, we write to address only three matters that merit further consideration.
 

 The former husband argues that the trial court failed to incorporate a stipulation made by the parties into the final judgment. At trial, the parties agreed that the former wife’s brother would not be left alone with, or drive, their children. The court accepted this stipulation, but inadvertently omitted it from the final judgment. On remand, the trial court shall include this provision in its final judgment.
 
 See Johnson v. Johnson,
 
 663 So.2d 663, 665 (Fla. 2d DCA 1995) (holding trial court obligated to strictly adhere to parties’ stipulation, absent fraud, misrepresentation, mistake or public policy).
 

 The former husband also challenges the trial court’s equitable distribution scheme. He asserts that the trial court erred in failing to award him any credit for paying all of the post-dissolution carrying costs of the parties’ marital residence. The final judgment requires that the parties sell the marital home, but permits the former husband to reside there, pending its sale, provided that he continues to be responsible for the mortgage, taxes, insurance and maintenance. However, the court did not allow any credit to the former husband for these expenses, finding that they were offset by the rental value of the property’s use.
 
 [1]
 
 This was error, as the trial court failed to make any findings as to the fair rental value of the marital residence.
 
 See Adkins v. Adkins,
 
 595 So.2d 1032, 1035 (Fla. 1st DCA 1992) (remanding where trial court awarded half of mortgage payments as reimbursement for rental value of marital home and holding that “[t]he fair rental value of the property may or may not be directly related to the amount of the mortgage payments”). Therefore, on remand, the trial court must make express findings regarding the reasonable rental value and credit the former husband’s payments in excess of the fair rental value, if any, in accordance with section 61.077, Florida Statutes (2010).
 

 Finally, the former husband contends that the trial court erred by treating his unvested stock options as a marital asset and by arbitrarily valuing them. A careful reading of the record reveals that the trial court only distributed the former husband’s 1,081 vested stock options. Because the final judgment did not address the unvested stock options, we need not be concerned with his valuation argument.
 
 See The Fla. Bar v. Centurion,
 
 801 So.2d 858, 861 (Fla.2000) (affirming where argument misstates appealed finding).
 

 Accordingly, we remand for further proceedings consistent with this opinion. In all other respects, the final judgment is affirmed.
 

 AFFIRMED in part; REVERSED in part; and REMANDED with directions.
 

 PALMER and JACOBUS, JJ., concur.
 

 [1]
 

 . Although not set forth in the final judgment, the trial court expressed this reasoning during the trial.