SILBERMAN, Judge.
After entry of a final judgment of foreclosure, Gary Wayne Nash and Beverly J. Nash filed a motion for relief from judgment and sale. Deutsche Bank Trust Company Americas, Trustee (Deutsche Bank), appeals the trial court’s order that grants the motion, cancels the foreclosure sale, and dismisses the case based on a discharge in bankruptcy. We reverse and remand for reinstatement of the final judgment of foreclosure.
Deutsche Bank filed its foreclosure action against the Nashes on December 21, 2007. After engaging in discovery, the Nashes and Deutsche Bank entered into a stipulation to the entry of judgment that was filed on January 24, 2011. The stipulation provided that the plaintiff owned and held the note and mortgage and related security instruments. The stipulation further provided that the defendants: withdrew any affirmative defenses and counterclaims and acknowledged that they had no defenses; admitted the validity of the allegations of the complaint; acknowledged the validity of the debt; and consented to the entry of a judgment of foreclosure, waiving any rights to object to the foreclosure sale or to otherwise delay the issuance of a certificate of title. On January 24, 2011, the trial court rendered a final judgment of foreclosure.
Subsequently in bankruptcy court, the Nashes received a discharge in bankruptcy dated June 18, 2012. The Nashes then filed in the foreclosure proceedings a “Notice of Discharge in Chapter 7 Bankruptcy and Motion for Relief from Judgment and Sale.” The Nashes filed the motion pursuant to Florida Rule of Civil Procedure 1.540(b)(5), which provides that a trial court may relieve a party from a final judgment when that judgment “has been satisfied, released, or discharged.”
After a hearing, the trial court rendered an order granting the motion for relief from judgment and sale. The trial court determined that as a result of the bankruptcy discharge, the promissory note had been fully discharged and that no amounts were due on it. As a result of no amount being due under the note, the court discharged the attendant mortgage and released the property from the lien. The court canceled the scheduled foreclosure sale and dismissed the case.
On appeal, we conclude that the final judgment must be reinstated. The Nashes argue that the note was separated from the mortgage and thus the lien was not valid. But the Nashes stipulated that the plaintiff held the note and mortgage and that they had no defenses to the foreclosure. The Nashes stipulated to entry of the final judgment of foreclosure and waived any right to object to the foreclosure sale or to impede issuance of a certificate of title to the purchaser at a foreclosure sale. Stipulations are to be enforced if they are “entered into with good faith *1269 and not obtained by fraud, misrepresentation, or mistake, and not against public policy.” Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 182 (Fla.1994); see also Jiminez v. Faccone, 98 So.3d 621, 626 (Fla. 2d DCA 2012).[1] The trial court must strictly enforce the parties’ agreement unless a party demonstrates grounds for withdrawal or rescission of the stipulation. See Johnson v. Johnson, 663 So.2d 663, 665 (Fla. 2d DCA 1995). Here, the stipulation was not withdrawn, and there was no order rescinding or vacating the stipulation.
A review of the bankruptcy documents shows that Deutsche Bank was listed on Schedule F as an unsecured creditor. On the explanation page of the discharge order it states that the collection of a discharged debt is prohibited; “[h]owever, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors’ property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case.” Nothing indicates that Deutsche Bank’s mortgage lien was avoided or eliminated in the bankruptcy case.
Under these circumstances, we agree with Deutsche Bank that the bankruptcy discharge did not affect the mortgage lien on the property. Rather, as Deutsche Bank recognizes, the bankruptcy discharged the Nashes as to personal liability for a deficiency judgment. See 11 U.S.C. § 524(a)(1) (2012) (providing that discharge voids a judgment to the extent that the judgment is a determination of personal liability). Therefore, we reverse the trial court’s order and remand for reinstatement of the final judgment of foreclosure.
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.

. We note that the Nashes would have been prohibited from filing a motion for relief from judgment alleging mistake, fraud, or misrepresentation because a motion on those grounds must be filed not more than one year after the judgment. See Fla. R. Civ. P. 1.540(b).