DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CABO FLATS JUPITER, LLC,**
Appellant,

v.

**LENA DAWLEY,**
Appellee.

No. 4D17-1678

[January 24, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 502013CA002836XXXXMB.

Gary S. Phillips of Phillips Cantor & Shalek, P.A., Hollywood, for appellant.

Carol A. Gart of Carol A. Gart, P.A., Boca Raton, for appellee.

KLINGENSMITH, J.

Plaintiff, Lena Dawley, obtained a judgment against PGA Mexx, LLC ("PGA"). Thereafter, Dawley filed a writ of garnishment to seize $15,350 that Cabo Flats Jupiter, LLC ("Cabo Jupiter") allegedly owed to PGA. Cabo Jupiter claims that the trial court's order granting summary judgment in favor of Dawley was improper. We agree.

Appellant's notice of deposition was addressed specifically to Delia Valles, Cabo Jupiter's director of finance for Cabo Flats' chain of franchisees, and not as "the corporate representative" with respect to accounting inquiries. Valles testified during her deposition that she believed that Cabo Jupiter was indebted to PGA in the amount of $15,350. As a result, Dawley filed a motion for summary judgment and argued that Cabo Jupiter's testimony directly supported her right to the $15,350. Cabo Jupiter filed an affidavit in opposition to the motion signed by Steven Fuller, a certified public accountant for PGA and Cabo Jupiter. In the affidavit he disputed the testimony of Valles, and asserted that the in-house accountant did not always make appropriate journal entries as transactions occurred. He further alleged that the owner of the parent

company overseeing Cabo Jupiter and PGA was credited the $15,350 against funds due to him from the corporation. Fuller maintained that Cabo Jupiter was not indebted to PGA. Based on Valles' deposition testimony, the trial court granted Dawley's motion for summary judgment.

The standard of review for a trial court's ruling on a summary judgment is de novo. *See Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). "A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985). A corporation, when met with a motion for summary judgment, may not contradict its previous deposition testimony via affidavit to create a material issue of fact; however, an exception arises when the affidavit contains a credible explanation by the affiant for the discrepancy between earlier and later testimony. *See Carriage Hills Condo., Inc. v. JBH Roofing & Constructors, Inc.*, 109 So. 3d 329, 335-36 (Fla. 4th DCA 2013).

In this case, Valles testified that she *believed* that Cabo Jupiter was indebted to PGA. Additionally, Fuller's affidavit contained a credible explanation as to why Valles wrongly believed Cabo Jupiter to be indebted to PGA. *See id.* As such, there remained a material issue of fact as to whether Cabo Jupiter was indebted to PGA.

We hold that the trial court erred by granting summary judgment in favor of Dawley, and therefore remand for further proceedings.

*Reversed and remanded.*

TAYLOR and FORST, JJ., concur.

\*   \*   \*

**Not final until disposition of timely filed motion for rehearing.**

2