DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CAN FINANCIAL, LLC,**
Appellant,

v.

**DARYL R. KRAZMIEN** a/k/a **DARYL KRAZMIEN** and **LAURA KRAZMIEN**
a/k/a **LAURA M. KRAZMIEN,**
Appellees.

No. 4D18-356

[August 1, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 502017CA001330XXXXMB-AN.

Damian G. Waldman of Law Offices of Damian G. Waldman, P.A., Largo, for appellant.

Preston J. Fields, Sr. of Preston J. Fields, P.A., Palm Beach Gardens, for appellee.

FORST, J.

Appellant Can Financial, LLC ("Bank") appeals a final summary judgment that was entered in favor of Appellee Laura Krazmien ("Borrower"). The summary judgment was premised on the trial court's determination that Bank's foreclosure complaint against Borrower was barred by the statute of limitations applicable to foreclosure actions, as the complaint was filed more than five years after Borrower's debts were discharged in bankruptcy. The trial court erred in its application of the statute of limitations to this case. Thus, we reverse.

**Background**

Borrower's personal debts were discharged in Chapter 7 bankruptcy[1] on August 31, 2009. She made no further payments on her note and mortgage after the discharge. Bank filed an *in rem* action for foreclosure

---

[1] 11 U.S.C. § 727 (2009).

on February 2, 2017 alleging a February 5, 2012 default on Borrower's monthly installments, followed by subsequent defaults as Borrower had made no payments since January 2012. Borrower answered the complaint with the affirmative defense that Bank had only five years from the date that Borrower's debts were discharged in bankruptcy (August 31, 2009) to file the complaint, and that Bank failed to do so.

Borrower relied upon this statute of limitations defense in moving for summary judgment. In granting the motion, the trial court made the following findings and conclusions of law: the debt memorialized in the note and mortgage was discharged in bankruptcy; no subsequent defaults occurred after the debt was discharged; Bank filed for foreclosure more than five years later; the foreclosure was barred by the five year statute of limitations of section 95.11(2)(c), Florida Statutes (2009); and a valid lien on the property would remain throughout the statute of repose. The order is before us on appeal.

**Analysis**

"The standard of review for a trial court's ruling on a summary judgment is de novo." *Cabo Flats Jupiter, LLC v. Dawley*, 236 So. 3d 464, 465 (Fla. 4th DCA 2018). Likewise, "[g]enerally, 'the issue of whether [a] claim is barred by the statute of limitations is a question of law subject to de novo review.'" *Access Ins. Planners, Inc. v. Gee*, 175 So. 3d 921, 924 (Fla. 4th DCA 2015) (second alteration in original) (quoting *Beltran v. Vincent P. Miraglia, M.D., P.A.*, 125 So. 3d 855, 859 (Fla. 4th DCA 2013)).

A Chapter 7 "bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem.*" *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (discussing 11 U.S.C. §§ 522(c)(2), 524(a)(1)). "A mortgage is an interest in real property that secures a creditor's right to repayment." *Id.* at 82. "[A] creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Id.* at 83.

Following a bankruptcy discharge, a debtor has "three options with respect to property subject to a lien or mortgage: (1) surrender the property; (2) redeem the property; or (3) reaffirm the debt." *Alvarez v. Bank of Am. Corp.*, No. 14-CV-60009-KAM, 2015 WL 12670510, at *3 (S.D. Fla. Apr. 17, 2015) (quoting *In re Steinberg*, 447 B.R. 355, 357 (Bankr. S.D. Fla. 2011)).

When a debtor is unwilling to enter into a reaffirmation

agreement and unable to pay off the mortgage, the mortgagee may nonetheless determine that it does not wish to obtain its collateral or dispossess the debtor. The debtor may continue to make periodic mortgage payments in order to discourage the mortgagee from foreclosing on the property. The mortgagee may accept such payments and not seek to foreclose. Section 524(j) [of the Bankruptcy Code] recognizes this possibility and specifically empowers the mortgagee to take action to seek or obtain regular mortgage payments, in the ordinary course of business, in lieu of pursuing an in rem foreclosure.

*Id.* at *4 (alteration in original) (quoting *In re Steinberg*, 447 B.R. at 359).

In *Alvarez*, a mortgagor sought to void a mortgage by arguing that her Chapter 7 bankruptcy charge either extinguished the mortgage or constituted a default on the entire mortgage, thereby commencing the statute of limitations, which had expired when she sued. *Id.* at *1-2. The court found no legal support for either theory, finding that only her personal liability was extinguished, not her *in rem* liability, and that there was no evidence the mortgagee had accelerated the loan. *Id.* at *2-3. In *Deutsche Bank Trust Co. Americas v. Nash*, 136 So. 3d 1267 (Fla. 2d DCA 2014), the Second District Court of Appeal held similarly, finding the bankruptcy discharge only extinguished personal liability, not *in rem* liability.[2] *Id.* at 1269.

Here, Borrower exercised a de facto fourth option by simply ceasing payments. To the extent the trial court found that no subsequent defaults occurred after the debt was discharged, it was in error. The terms of the note and mortgage remained intact, as a bankruptcy discharge "extinguishes *only* 'the personal liability of the debtor.'" *Johnson*, 501 U.S. at 83 (quoting 11 U.S.C. § 524(a)(1)). Bank was in no way prejudiced, with respect to the statute of limitations, by not foreclosing upon Borrower's first failure to pay her monthly installment after the discharge. Rather, "[w]ith each subsequent default, the statute of limitations r[an] from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage." *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1019 (Fla. 2016). Because Bank alleged a default date within five years of the date that it filed its complaint, the trial court erred in finding the action was barred by

[2] The discharge order in *Nash* stated, in relevant part, that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy." *Nash*, 136 So. 3d at 1269.

3

the statute of limitations.

Borrower cites no authority for the proposition that the bankruptcy discharge "acted as the acceleration of the debt for foreclosure purposes," and we can find none. As noted above, there is similarly no support for the trial court's findings that "[n]o subsequent defaults occurred after the default was discharged" and "[t]he foreclosure action was barred by the statute of limitations because the foreclosure action was filed more than five (5) years after the debt was discharged." These findings are contrary to *Bartram* and a myriad of opinions that have followed. *See, e.g., U.S. Bank Nat'l Ass'n for Lehman XS Tr. Mortg. Pass-Through Certificates, Series 2007-16N v. Morelli*, No. 3D17-286, 2018 WL 2708699, at *4 (Fla. 3d DCA June 6, 2018) ("It is now settled law that . . . when a foreclosure complaint alleges a borrower is in default for any payment due within five years of the filing of the complaint, the action is not barred by section 95.11(2)(c) of the Florida Statutes."); *HSBC Bank USA, Nat'l Ass'n for Registered Holders of Nomura Home Equity Home Loan, Inc. v. Estate of Petercen*, 227 So. 3d 640, 643-44 (Fla. 4th DCA 2017) (holding similarly); *Desylvester v. Bank of N.Y. Mellon*, 219 So. 3d 1016, 1019-20 (Fla. 2d DCA 2017) (relying upon *Bartram* in denying the affirmative defense of statute of limitations, concluding "the allegations of the complaint in the underlying action that the borrowers were in a continuing state of default at the time of the filing of the complaint was sufficient to satisfy the five-year statute of limitations."); *Forero v. Green Tree Servicing, LLC*, 223 So. 3d 440, 445 (Fla. 1st DCA 2017) (relying upon *Bartram* to conclude "each missed payment constituted a new default").

Thus, the foreclosure complaint, filed within five years of a continuing default, was not barred by the statute of limitations and Borrower's bankruptcy discharge did not affect Bank's ability to initiate an *in rem* foreclosure action. As such, the trial court erred in entering summary judgment for Borrower.

## Conclusion

As Bank's foreclosure complaint was not barred by the statute of limitations, we reverse the summary judgment in favor of Borrower and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

WARNER and MAY, JJ., concur.

4

*       *       *

*Not final until disposition of timely filed motion for rehearing.*