189 So.2d 513 (1966)
Ben NOVACK, Appellant,
v.
Bernice NOVACK, Appellee.
Nos. 65-830, 65-831.
District Court of Appeal of Florida. Third District.
June 21, 1966.
Rehearing Denied September 13, 1966.
*514 Sibley, Giblin & Levenson, Miami Beach, for appellant.
Irving Cypen, Miami Beach, Sam Daniels, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
By these appeals we are called upon to review the correctness of a chancellor's award of $56,500 to a wife for attorney's fees, in addition to a temporary attorney's fee of $3,500 previously awarded, in a divorce action.
On August 18, 1964 the appellee wife employed her attorney to obtain for her a divorce from her husband, alimony for herself, custody of and support for their child, and a special equity in the appellant's property. The attorney filed a suit on her behalf against the husband on October 3, 1964. The husband, in his answer and counterclaim, sought a divorce, custody of the child, and to defeat the wife's right to alimony upon statutory grounds. The wife's attorney filed a reply to the counterclaim, denying the material averments thereof, These were the major pleadings that brought the case to issue.
The case was set for trial on July 20, 1965. Prior thereto, the husband agreed to temporary allowances which were sought by the wife, thus eliminating the necessity of taking testimony. On the day of final hearing, before any testimony was adduced, the husband and wife reconciled.
The issue before us therefor concerns the reasonable value of the services rendered by the attorney for the wife in a cause which had been prepared for trial but never tried, due to a reconciliation between the parties.
In Provus v. Provus, Fla. 1950, 44 So.2d 656, on page 657, the Supreme Court said:
* * * * * *
"Fixing the amount of counsel fees, as a general rule always presents a delicate question. Under our adjudications some of the elements usually considered are: services rendered, responsibility incurred, the nature of the services, the skill required, the circumstances under which it was rendered, the ability of the litigants to respond, the value of the services to the client, and the beneficial results, if any, of the services. Our leaders of the bench and bar have never accepted as a yardstick of measurement of attorney fees the myth that all the property of the payee should be appropriated for its payment, but only so much thereof as will compensate for services rendered. The allowance made should square with fairness and justice to all alike under similar conditions and circumstances. * * *"
* * * * * *
Lawyers are officers of the court and justice should be administered economically, *515 efficiently, and expeditiously. Attorney's fees are an important factor in the administration of justice, and if they are fixed without proper relationship to these facts it could result in a loss of public confidence in the bench and bar
It would appear from the testimony that the chancellor reached the figure of $60,000 total attorney's fee by adopting the view that the wife's attorney had expended 800 hours in the preparation of this case for trial and was entitled to $75.00 an hour for the time consumed. The time sheets in evidence indicate that approximately six hours were spent in court appearances, and that about 200 hours of total time was expended by a law school student, who was serving as a law clerk. Another 280 hours were expended by an associate and others in the attorney's firm. The wife's attorney himself expended approximately 315 hours.
An award of $56,500, together with the $3,500 awarded as temporary attorney fees for a total of $60,000, is excessive and shocks our judicial conscience. To award $75.00 an hour under the circumstances of this case for the entire 800 hours amounts to an abuse of discretion by the chancellor.
It is our view that after careful consideration of all the facts and circumstances in the record brought before this court, a reasonable attorney's fee would be $40,000, less the $3,500 heretofore awarded. We note that this amount is within the range of testimony submitted by the experts for both parties.[1]
Therefore, the order here under review is reversed, with directions that attorney's fees in the sum of $40,000, less the $3,500 heretofore awarded, be fixed, determined and allowed as reasonable attorney's fees.
It is so ordered.
NOTES
[1] See generally: Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206. ($162,500 attorney's fee reduced to $100,000 although three expert witnesses testified to the effect that a reasonable fee would be from $150,000 to $175,000. This case actively pended in the court for ten years.); Brickell v. Di Pietro, 1943, 152 Fla. 429, 12 So.2d 782. ($15,000 attorney's fee was reduced to $7500 in a partition of real estate action which pended over a period of four years.); Yandell v. Yandell, Fla. 1949, 39 So.2d 554. ($5,000 allowance as attorneys' fees for the wife's attorneys in a divorce action was reduced to $3,000, which sum the court found ample for the services which the record disclosed were performed by the attorneys.); Kleinschmidt v. Kleinschmidt, Fla. 1953, 66 So.2d 815. (Trial court's allowance of $15,000 was found sufficient to cover all services rendered in the trial court, as well as on appeal, in a divorce suit in litigation for three years, where expert testimony was adduced that a reasonable attorney's fee would be between $25,000 and $30,000.); French v. French, Fla. App. 1962, 146 So.2d 584. (Appellate court found that the $5,000 attorney's fee awarded in a divorce suit was reasonable, where expert testimony as to a reasonable fee ranged from $1500 to $15,000.)