ERVIN, Justice
(dissenting).
The decision of the District Court of Appeal, Third District, in these cases, reported in 189 So.2d 513, was certified to us as passing upon a question of great public interest. The decision involved the amount to be allowed a wife as a reasonable attorney’s fee in a divorce suit. The fee fixed by the District Court is $40,000.00; it reduced the fee allowed by the chancellor by $20,000.00.
My study of the case leads me to conclude we should accept jurisdiction and answer the question.
It is stated in the opinion of the District Court:
“It would appear from the testimony that the chancellor reached the figure of $60,000 total attorney’s fee by adopting the view that the wife’s attorney had *201 expended 800 hours in the preparation of this case for trial and was entitled to $75.00 an hour for the time consumed. The time sheets in evidence indicate that approximately six hours were spent in court appearances, and that about 200 hours of total time was expended by a law school student, who was serving as a law clerk. Another 280 hours were expended by an associate and others in the attorney’s firm. The wife’s attorney himself expended approximately 315 hours.” (at 515)
Forty thousand dollars appears to me to be an excessive and unreasonable fee allowance for the wife’s attorney. Because the husband is reputedly quite wealthy, the marital estate a large one, and the financial interests of the respective parties in the outcome of the divorce suit were far greater than in the average divorce case where litigants are less wealthy, are hardly justifications for so large a sum as $40,000.00 to be involuntarily assessed against the husband. It is recognized that in a divorce suit where a wealthy husband is involved and large financial and property interests of the spouses are to be adjudicated, these factors result in augmenting the degree of legal responsibility and service warranting a larger fee for the wife’s attorney than is allowed in the average suit, but the disparity should not have been so extensive as we find it here.
The District Court in this case has given an excellent résumé of the applicable law, rendering it unnecessary that this opinion contain an exhaustive résumé of the pertinent authorities. It quotes from Provus v. Provus, Fla.1950, 44 So.2d 656, which outlines most of criteria usually resorted to in fixing reasonable attorney’s fees. In a footnote to its opinion the District Court refers to cases where our Court has reduced attorney fees or disagreed with expert testimony recommended higher fees than those allowed. The case of Baruch v. Giblin, 122 Fla. 59, 164 So. 831, also lists primary elements entering into the determination of a reasonable attorney fee.
Based upon these authorities and taking into account the instant divorce suit was never tried because the parties became reconciled on the day set for the final hearing of the case and before the taking of testimony, that a minimum number of pleadings and hearings in the suit were required, e. g., only some six hours’ court time was spent in the case and that as to the approximately 800 hours spent by the wife’s attorney and others in preparation of the suit for trial, the value per hour was determined by the chancellor to be at the rate of $75.00 irrespective of whether they were expended by the wife’s attorney himself, members of his firm or an associate or by a law school student working for the firm, I have concluded the $40,000.00 fee is so large it shocks judicial conscience.
Unquestionably the wife’s attorney, former Circuit Judge Irving Cypen, is a skilled, highly reputable and successful attorney^ There is no doubt that during the eleven months the divorce litigation pended he and members of his staff and an associate spent considerable time in extensive preparation for the trial of the case. It is quite true the husband is reputedly very wealthy by reason of which his wife had a considerable property and financial potential in the marital estate which a divorce decree would resolve. Also, her hope for alimony support commensurate with her station in life was reposed in large part on being successfully represented by her attorney. Nevertheless, when all these matters are duly weighed the case does not present one which justifies the large fee allowed by the District Court. Despite the wealth of the husband, the financial and property interests of the wife involved in the suit, the prominence and skill of the wife’s attorney, the responsibility entailed in the legal representation of the wife, the time spent in preparation for the trial by her attorney and others in her behalf, these factors do not take the fixing of the attorney’s fee herein completely out of the range of fees usually allowed wives’ attorneys in divorce suits. Additionally, it should not be overlooked that no legal result or adjudication *202 was reached in the suit because Mrs. No-vaclc, who commenced the divorce proceedings, initiated reconciliation overtures which her husband accepted before the taking of testimony on the date set for the final, hearing. Under such circumstances it appears to me that $40.000.00 is much too great a premium a husband should be expected to pay where the wife’s divorce efforts prove abortive because of her own decision not to pursue them further. Result-wise, she gained nothing materially she did not already have as the wife. These conclusions are not intended to minimize in the slightest the salutary and always desirable settlement of a marital dispute by reconciliation. Instead, they are to point out that where a divorce suit has a happy ending in reconciliation it does avoid the wife’s attorney going the last mile in the proceedings and having to exert his professional skill and put to the test his legal talents and his natural ability to gain results if he can in the form of a divorce decree, separate maintenance, alimony or property settlement. Ordinarily, where an attorney secures nothing in a divorce suit in terms of a decree of divorce, alimony, separate maintenance or property settlement, the fee allowed is not nearly as much as it would be where such results or some of them are achieved. Compare Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206.
I believe the chancellor in this case overemphasized the importance of the time spent on the case as' reflected by the time sheets in fixing the fee and failed to properly focus upon and give due emphasis to the other considerations above mentioned which more logically militate against so large a fee.
I think the question.deserves the answer indicated herein. The District Court apparently had qualms about the reasonableness of the fee even after it reduced it by $20,000.00, otherwise it would not have certified the question for our consideration. I think we should; indicate our views on the subject,, not only,for the particular case before us,but to signify that we do not counte- , nance the judicial fixing of involuntary fees which are out of line with criteria dictating more conservative allowances as attorney’s fees for wives in divorce cases. The subject of such fees is a matter of public interest. In Baruch v. Giblin, supra, our Court said :
“ * * * Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney’s fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the functions of its creation.” (at 833)
I would reduce the fee to the sum of $22,-500.00, or remand the case to the chancellor for further examination of the question of the fee in the light of the foregoing discussion.