PER CURIAM.
The appellant, Ben Novack, brings these two appeals which were consolidated for all appellate purposes.
The first, No. 67-469, is an interlocutory appeal from a post-decretal order entered subsequent to the issuance of this Court’s mandate in Novack v. Novack, Fla.App. 1966, 189 So.2d 513. The order appealed followed the directions of this Court by modifying the prior award of attorney’s fees to conform with the mandate. The order reads in part as follows:
“ * * * The second paragraph of said order likewise should be and the same is hereby modified so as to provide that plaintiff’s counsel, Irving Cypen Law Offices, does have and recover of and from the defendant, Ben Novack, the sum of Thirty-six Thousand Five Hundred ($36,500) Dollars, for which sum let execution issue.
“2. The defendant, Ben Novack, shall pay interest on the modified sum of Thirty-six Thousand Five Hundred ($36,-500.00) Dollars at the legal rate of six per cent per annum from September 28, 1965.”
*188 Appellant’s point directed to this order is “whether or not a new award for attorney’s fees entered after the initial award was reversed on appeal can bear interest from the date of the entry of the original order.” The record here shows that on the 24th of September, 1965, the trial court entered a judgment on behalf of plaintiff’s counsel in the amount of $56,500.00 and ordered that execution issue. On appeal this Court reduced the amount to $36,500. Following the mandate, the trial judge correctly entered a new judgment for that amount.
The allowance of interest on the reduced amount of the judgment from the time that the same was originally due; that is, the date of the entry of the first order, was not erroneous. See Atlantic Coast Line R. Co. v. Watkins, 99 Fla. 395, 126 So. 489 (1930); Smith v. Goodpasture, Fla.App.1966, 189 So.2d 265. The modified order and judgment on attorney’s fees entered the 27th of March 1967 is affirmed.
The second order appealed was entered on the 31st of May 1967. By this order the appellant, who was successful in the prior appeal, was allowed pursuant to the mandate of this Court costs on appeal. The third paragraph of this order reads as follows:
“3. That the defendant’s request that the amount of allowable costs on appeal, which by this order have been granted, be taken as a credit and set-off against the sum allowed as reasonable attorneys’ fees to counsel for the plaintiff, BERNICE NOVAK, be and the same is hereby denied.”
Appellant’s point directed to this order claims error in the refusal to allow the set-off of the cost against the attorney’s fee. It is urged that under the law of Florida the wife’s attorney is the real party interested in obtaining the allowance of attorney’s fees but that he is not a party to the suit and that the order is properly made directing the payment of the fees to the wife; therefore, the set-off of the costs payable from the wife should be allowed against the fees properly payable to the wife. Appellant relies upon Smith v. Smith, 90 Fla. 824, 107 So. 257 and Kolb v. Kolb, 103 Fla. 193, 137 So. 237. This argument appears to overlook the fact that § 65.17 Fla.Stat. (1965), F.S.A. was amended in 1945 to provide that in a divorce proceeding the court may direct that such allowances be paid to the attorneys. While this amendment does not authorize the attorney to become a party to the suit, [see Hope v. Lipkin, Fla.App.1963, 156 So.2d 659] it clearly allows the trial judge to follow the course elected in the instant proceeding; that is, to direct the payment of the funds to the attorney. Under these circumstances we find no error in the court’s refusal to return a portion of these funds to satisfy the order requiring the wife to pay appellate costs. The order dated May 31, 1967, entitled “Order and Judgment for Cost on Appeal” is affirmed.
Affirmed.