210 So.2d 215 (1968)
Ben NOVACK, Petitioner,
v.
Bernice NOVACK, Respondent.
No. 36880.
Supreme Court of Florida.
May 8, 1968.
Rehearing Denied May 30, 1968.
Sibley, Giblin, Levenson & Ward and Irving B. Levenson, Miami Beach, for petitioner.
Irving Cypen Law Offices and Sam Daniels, Miami, for respondent.
ERVIN, Justice.
In a further round of the divorce litigation between these parties, we are asked to review by certiorari the decision of the District Court of Appeal, Third District, in Novack v. Novack (Fla.), 203 So.2d 187.
In this divorce action the trial court on September 24, 1965 awarded Respondent Bernice Novack $60,000 temporary attorney fees from Petitioner Ben Novack. On appeal from the award the District Court reversed on June 21, 1966, finding $60,000 excessive and shocking to the judicial conscience. It reversed in this language:
"Therefore, the order here under review is reversed, with directions that attorney's fees in the sum of $40,000, less the $3,500 heretofore awarded, be fixed, determined and allowed as reasonable attorney's fees." (At 515.) (Emphasis supplied.)
It further ordered that costs of the appeal be taxed against Respondent. See Novack v. Novack (Fla.App.), 189 So.2d 513.
On remand, the trial court on motion of Respondent "modified" its prior order allowing attorney's fees by entry of an order on March 27, 1967 reducing the sum allowed *216 from $56,000 to $36,500 and provided for payment of interest "on the modified sum," from date of the original award, viz., September 24, 1965. As to costs on appeal, the Chancellor allowed Petitioner a money judgment of $1,322.25 against Respondent, but rejected Petitioner's request to set this sum off against the said award allowed to pay attorney fees.
Petitioner appealed from these orders entered on remand; the District Court affirmed the orders in its said decision reported in 203 So.2d 187.
Petitioner contends the District Court committed conflict error by misapplying Atlantic Coast Line v. Watkins, 99 Fla. 395, 126 So. 489, and Smith v. Goodpasture (Fla.App.4th), 189 So.2d 265, in support of the allowance of interest from September 24, 1965 on the award of attorney's fees. He asserts both cases only stand for the proposition that when an appellate court orders a remittitur as an alternative to a complete reversal, interest on the reduced amount runs from the date of the original judgment. He quoted from the Atlantic Coast Line case that the reason for remittiturs
"* * * is that the court considers the plaintiff was entitled to recover, but it deems the verdict and judgment excessive, to a certain ascertained extent; that therefore, if the plaintiff will remit such designated excess * * * said judgment as thus voluntarily reduced, will stand affirmed as of the date of original rendition. * * * The matter of interest is taken care of by the statute which provides that all judgments shall bear interest at 8 per cent. per annum (section 4493, C.G.L.), which means of course from the date of their rendition. * * * When, under such a ruling by this court, the plaintiff * * * sees fit to remit part of his original judgment, the balance remains unaffected * * *. The result of such a conditional affirmance is, not the rendition of a new judgment, but in effect the modification of the original judgment as of the date of rendition." (At 490-491.)
Petitioner contends the District Court reversed the original award of attorney's fees outright and did not enter a conditional remittitur of such award, but fixed another or new amount in lieu of the original award and interest should only run from the date the new amount was entered.
We agree with this contention and find there was a misapplication of the remittitur decisions, Atlantic Coast Line v. Watkins and Smith v. Goodpasture, supra, resulting in conflict. See Pinkerton-Hays Lumber Co. v. Pope (Fla.), 127 So.2d 441. Here, there was a reversal by the District Court in Novack v. Novack, 189 So.2d 513, with directions that a fee in the amount of $40,000 be fixed, determined and allowed as reasonable attorney's fees. This was a certain liquidated amount for the wife's attorney that was not settled upon and finally decided until the District Court upon a consideration of the merits adjudicated it in its decision of reversal. It would hardly be equitable for a husband who assumes the burden and expense of an appeal and secures a reversal of an award of attorney's fees because of shocking unreasonableness, to be charged interest from the date of the original award on the amount finally fixed upon in the reversal decision. To so charge him interest would be a deterrent to appeal efforts to bring suit money in divorce cases in line with reasonableness. If, on the other hand, the District Court had determined the factual situation did not justify a reversal  perhaps that the amount allowed by the Chancellor was mistakenly determined to be too high but not judicially shocking  and a remittitur should be entered, interest on the reduced amount would run from the date of the original award below. Of course, if an appeal is unsuccessful and there is no reversal, interest would run from the date of the entry of the original award. See Stone v. Jeffres, Fla., 208 So.2d 827, decided April 3, 1968.
*217 In sum, our decision is that insofar as the holdings in Atlantic Coast Line v. Watkins and Smith v. Goodpasture, supra, which allow interest on unremitted portions of judgments, were applied to this case conflict error was committed by the District Court. Had the District Court followed applicable cases holding that interest only runs from the time payment is due, that is from the time the award is finally adjudicated, its judgment would have been correct. As noted before, the $40,000 attorney's fee was determined upon on June 21, 1966, the date of the reversal of the original award.
With respect to the setoff of costs of appeal against the attorney's fee award, which setoff was disallowed by the courts below, we note the District Court disallowed the setoff because the award of the attorney's fee of $36,500 was made directly in favor of the wife's attorney, Irving Cypen, pursuant to the applicable statute, Section 65.17, F.S. 1965. While said section provided that the award of attorney's fees should be made directly to the wife's attorney, it did not alter the essential legal nature of the allowance as one to the wife of suit money to defray her cost for counsel fees as has been held in Smith v. Smith, 90 Fla. 824, 107 So. 257; Kolb v. Kolb, 103 Fla. 193, 137 So. 237, and Scanlon v. Scanlon (Fla.App.1st), 154 So.2d 899. The award of attorney's fees in the instant case is part and parcel of the result of the litigation between the spouses and cannot be separated therefrom by awarding the fees directly to a third party, the wife's attorney. The fees allowed by the trial court are attributable to the wife because of her need for representation and prior to being paid to the attorney they may be subject to reversal or diminution by reason of countervailing equities of the husband against the wife.
We conclude that a divorce action is broad enought to adjudicate all claims arising therein between the parties. Accordingly, the Petitioner is entitled to have his costs against Respondent equitably set off against amounts awarded the wife whether alimony, property, or monetary settlement or attorney's fees. We leave it to the discretion of the Chancellor to determine the equities concerning whether the setoff should be against the attorney's fee award or other award or settlement in favor of the wife.
The judgment below is quashed with directions that further proceedings below be in accordance herewith.
It is so ordered.
CALDWELL, C.J., and DREW, THORNAL and ADAMS, JJ., concur.