## VARVEL v. VARVEL (No. 2)
No. 1319.
Circuit Court, Lake County.
October 8, 1971.

William A. Jacob and Michael E. Hamlin, both of Orlando, for the plaintiff.

Francis E. Pierce, Jr., Orlando, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This is a domestic relations proceeding. The cause currently before the court is a petition for attorney's fees and suit money for the defendant wife, incurred since the last order of this court dated

April 1, 1971. The current motion came on to be heard on September 2, 1971.

The divorce in this case occurred in this court in 1967, when the husband was 24 years old and the wife was 20 years old. Their sole child was then 3 years old. Since the divorce decree, litigation in this case has become protracted and tumultuous. The parties have battled from Lake County, Florida, to Canada; with rounds having also been fought in Orange County, Florida, and St. Louis, Missouri. The issue was custody and the prize was their child. Complicated questions of Florida law and the law of other states were raised. Almost all of the facts were disputed. By the order of this court, custody of the child was awarded to the mother. At the hearing on September 2, 1971, counsel for the husband advised the court that the mother has a custody order in her favor from the Missouri court also. Counsel for both parties have advised the court that it is their information and belief that the child visited his father in Florida during the summer of 1971, and has returned to his mother in Missouri for the start of the current school year in September, 1971, as ordered by this court.

In November, 1970, the wife filed and served a motion for attorney's fees, costs and suit money for the period since December, 1969. Testimony of the parties was taken. The husband stipulated that he was able to pay a reasonable attorney's fee, costs and suit money. The wife's need for attorney's fees, costs and suit money was abundantly shown by the fact that she is a student receiving welfare payments and food stamps. Detailed evidence was adduced and substantial amounts of testimony were taken covering the value of a reasonable attorney's fee for services rendered by the wife's attorney. Subsequently, the court issued its order dated April 1, 1971, awarding a reasonable attorney's fee and suit money.

The husband filed and served his motion for rehearing on this order. The wife then filed and served her motion for attorney's fees and costs dated April 22, 1971, asking for costs for the expert witness fees of Jefferson G. Ray for his services as an expert witness at said hearing on attorney's fees heard in this cause on March 13, 1971, and for attorney's fees for the wife's attorney in opposing the husband's motion for rehearing, for arrangements in obtaining expert testimony and evidence in connection with Mr. Ray's fees, and the actual hearing on both matters. There were also certain additional costs. Attorney Christopher Ford testified concerning the value of an expert witness fee for attorney Jefferson G. Ray and also concerning the reasonable value of an attorney's fee for Francis E. Pierce, Jr., as attorney for the wife. Counsel for the husband and wife presented argument and the court took the cause under advisement.

The husband's theory of the current issue is that the amount awarded as attorney's fees to the wife's attorney by the court's order of April 1, 1971, was excessive, and that the court considered certain matters in the setting of the fee which were improper. The husband further objected to the allowance of an attorney's fee to the wife's attorney on the matters in connection with the husband's motion for rehearing and also the proceedings concerning Mr. Ray's fee as an expert witness.

The wife's theory of the current issue is that the fees should be allowed to her for her attorney and that those which have been allowed are not excessive. She argues that the court's consideration of the matter was proper. She further argues that she is entitled to an award of an attorney's fee in the defense of the motion for rehearing and that she is also entitled to her costs in connection with the testimony of the expert witness.

The issues of fact in the case are the value of the services of the wife's attorney, Mr. Pierce, and the wife's expert witness, Mr. Ray.

The primary question of law in the case is whether such fees and costs are allowable, and if so, what factors should be considered in determining their value.

The memorandum of law submitted by the wife dated June 9, 1971, and that of the husband dated June 23, 1971, are helpful and appreciated by the court, as are the affidavits submitted by both parties concerning the value of a reasonable attorney's fee. At the most recent hearing on September 2, 1971, the court was again most fortunate to have the testimony of a concerned, articulate and informed member of the profession, who was particularly well informed on the facts of the case and those principles of law that should be applied to these facts in the determination of the fees in question. As in all the proceedings of this case, the husband had the benefit of determined counsel who has protected the husband's position and guarded his interests at every turn.

It is the conclusion of this court that the essential legal nature of the allowance sought is that of suit money to the wife to defray her cost for counsel fees and other expenses of suit. Novack v. Novack, 210 So.2d 215, 217; Smith v. Smith, 90 Fla. 824, 107 So. 257; Kolb v. Kolb, 103 Fla. 193, 137 So. 237; and Scanlon v. Scanlon, (Fla. App. 1st) 154 So.2d 899. The awards sought by the current motion are part and parcel of the litigation, and cannot be separated from the previous litigation nor from the previous services and awards. The fees and costs allowable by the trial court are attributed to the wife because of her need for representation and suit money and her inability to pay for them. A divorce action is broad enough to adjudicate all claims arising between

the parties. Novack v. Novack, supra. Accordingly, the wife is entitled to the award for attorney's fees and her costs in the form of an expert witness fee sought in the current motion. It is within the discretion of the chancellor to determine the equities concerning the wife's need for this suit money, and the husband's ability to pay it. Novac v. Novac, supra.

It is the opinion of this court that the motion currently before the court is a continuation of an action brought by the wife in the form of a rule to the husband to show cause why he had not paid child support and for return of custody of the child from the husband to the wife, when the child had been taken (rule to show cause, December 8, 1969). It is also a continuation of an attack upon a former decree made by the husband for the purpose of changing custody of the minor child from the wife to the husband (plaintiff's petition for affirmative relief, December 16, 1969). §61.15, F.S., provides as follows —

> (1) When an action is brought for the purpose of enforcing a judgment or order for the payment of alimony or support for children, the court may allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case are equitable.

> (2) Any order under the provisions of this section shall be enforced in the same manner as other judgments.

The word "enforcing" as used in this section is to be given a broad and liberal interpretation so that the wife may be provided with suit money to defend against any attack before the court for the purpose of eliminating entirely or reducing amounts awarded for child support. Simpson v. Simpson, 63 So.2d 764 (1953). If the wife seeks to enforce a final judgment of divorce, she is entitled to attorney's fees and suit money. Thompson v. Thompson, App., 223 So.2d 95 (1969). The matter of awarding attorney's fees to the wife defending a matrimonial action is addressed to the sound discretion of the trial court, and the award made must be reasonable and must be fit, equitable and just in view of the circumstances and the nature of the case. Simpson v. Simpson, supra. Where a divorced wife is required by the conduct of the divorced husband to institute proceedings against a divorced husband to enforce certain rights granted the divorced wife under the terms of the final divorce decree, costs incurred in the prosecution of the claim should be assessed against the divorced husband. Brasch v. Brasch, App., 109 So.2d 584 (1959).

The case of Foster v. Foster, (Fla. App. 1969), 220 So.2d 447, bears a striking similarity to the facts in the instant case, including enforcement of a judgment of support for children, and where the

father has filed a petition to change the custody provisions of the final judgment. The court said again that §61.15 is the statutory authority which bestows on the chancellor the power to award attorneys' fees and suit money in this type of post decretal legal proceeding. McNeill v. McNeill, Fla. 1952, 59 So.2d 57; O'Neal v. O'Neal, Fla. App. 1963, 158 So.2d 586; Mitz v. Mitz, Fla. App. 1959, 108 So.2d 512. Finally, it must be borne in mind that the purpose of the statute authorizing the allowance of fees for the wife's attorney against the husband in a divorce action is to place the wife on a financial parity with the husband for the prosecution or defense of the action. Determination of the legal services necessary to afford the wife a full defense to the charges against her and the fees allowable for these services are peculiarly within the discretion of the trial judge. Silberman v. Katcher, Fla. App. 1968, 214 So.2d 726; Klienschmidt v. Klienschmidt, Fla. 1963, 66 So.2d 815; Platt v. Platt, Fla. App. 1958, 103 So.2d 253.

The court is fortunate to have the memorandum of law submitted by counsel for the plaintiff husband. Unfortunately, the court cannot agree with the speculation contained in the memorandum concerning the reasoning used by the court in arriving at its decision.

There are three cases cited on pages 2 and 3 of the memorandum of law as follows: Terry v. Terry, 126 So.2d 890, (2d D.C.A.); Fleming v. Fleming, 177 So.2d 384 (3rd D.C.A.); and Dillman v. Dillman, Fla. App. 1958, 105 So.2d 33. These cases cite the law as the court understands it to be. However, the court observes that they all concern the wife's attempts to increase alimony, or to modify the final decree in some other manner. An increase of alimony or modification are different from enforcement of a final decree of the wife, or defense by a wife against modification sought by the husband. Accordingly, these cases do not apply to the case at bar. Neither does Pollock v. Pollock, 180 So.2d 915 (3rd D.C.A.), apply as that case involved a wife attempting to set aside a Mexican divorce decree. As for Novack v. Novack, supra, cited by the husband, the case does apply to the case at bar, for reasons stated earlier, but, unfortunately for the husband, not for the reason nor the conclusion suggested by the husband.

The court has also considered the husband's supplement to his memorandum dated, July 15, 1971. The law cited there is eminently correct. However, §27.53, F.S., is not the same as §61.15; §27.53 is in the chapter concerning the judiciary department. §61.15 is in the divorce chapter. §27.53 concerns the salaries of public defenders and the authority to expend public funds. §61.15 concerns the achievement of economic parity between husbands

and wives in proceedings subsequent to divorce. For these and other reasons, the two sections are not comparable and the case of Dade County v. Strauss, 248 So.2d 241, does not apply to the case at bar.

Under the law under which this case is to be decided, the right to attorney's fees is derivative in nature when representing the wife in a divorce action. Hope v. Lipkin, (3rd D.C.A. 1963), 156 So.2d 659. The attorney's fees and costs are an indemnification or reimbursement of the wife by the husband. Attorney's fees and costs in legal contemplation are an allowance to the wife. Simkins v. Simkins, (3rd D.C.A. 1971), 249 So.2d 444.

It is the opinion of the court that the husband has the ability to pay a reasonable attorney's fee and costs, and the wife has great need for such payment. There is ample statutory authority and case law for such an award in this case. Taking into account all of the factors to be considered, as they are defined in the Code of Professional Responsibility, and the professional and economics evidence and testimony before the court, it is the conclusion of the court that $120 is a reasonable attorney's fee for Francis E. Pierce, Jr., and $250 is a reasonable fee for Jefferson G. Ray, as an expert witness.

It is thereupon ordered and adjudged that the plaintiff, Ronald L. Varvel, shall pay an attorney's fee of $120, and an expert witness fee of $250, together with costs of $8.16, for a total of $378.16, within 15 days of the date of this order to the defendant's attorney, Francis E. Pierce, Jr. at his office at 200 East Robinson Street, Orlando, said payment to be made in cash, cashier's check, certified funds, or money order.