HENDRY, Judge.
Appellant Earl B. Kirkland seeks review of an order favorable to appellee Willie Mae Kirkland, his former wife, concerning designation of certain real property as being exempt from forced sale. The primary issue is whether the appellant possessed the status of head of a household, within the contemplation of the state constitutional exemption of homestead property from forced sale, Art. X, § 1, Constitution of Florida (1885), 25 F.S.A. and Art. X, § 4, Constitution of Florida (1968), 26A F.S.A. The realty involved is the present residence of the appellant.
In 1958 the parties were divorced and the wife was awarded use of the former marital home for herself and the five children. The husband had fallen into arrears as to child support and upkeep of the former marital home, under the provisions of the final divorce decree and settlement agreement. In 1965 the wife sought an equitable lien on the husband’s undivided one-half interest in the former marital home, upon which a first mortgage was still outstanding. In December 1965, the court entered a judgment of about $6,000.-00 for arrearages. After advertisement and levy, the husband’s interest in the former marital home was sold at public auction to the sole bidder, his former wife, for $100.00.
In 1970-1971, the wife attempted to levy on the husband’s three parcels of real estate which he had purchased with money from race track winnings. One of the parcels included the present residence of appellant and his elderly mother. Suffice it to say that after an evidentiary hearing as to all motions, the court ruled: (1) that the motion by appellant for an order of the court satisfying judgment was denied; (2) his motion to set aside the 1965 sheriff’s *730 sale of the former marital home was denied; (3) the wife’s motion to contest homestead was granted, and the husband’s designation of homestead was set aside, with the property being declared subject to sale or levy to satisfy the judgment debts; (4) the stay of a sheriff’s sale was vacated; (5) the court retained jurisdiction. The husband’s motion for rehearing was denied without hearing, and he appealed.
For reversal, the husband argues that the court erred in denying his amended motion for an order of the court satisfying judgment and his motion to vacate and set aside the 1965 sheriff’s sale. He also contends that the court erred in rejecting his designation of homestead as applied to his present residence. He explains that the forced sale for $100.00 of his undivided one-half interest in the former marital home, the value of such interest which was not a part of the record, was sufficient to shock judicial conscience or raise a presumption of fraud. As a further explanation he asserts that he did not bid on the property because the wife represented that its sale to her would satisfy the arrearages judgment, and so she is estopped from opposing his motion. The wife generally contests such arguments, and also contends that any homestead exemption which might arguably have attached in 1963 or 1964 when the appellant remarried was lost when his new wife disappeared, and since her judgment was recorded in 1965, it attached prior to the property being impressed with homestead property.
Certain facts bearing upon the appellant’s contention that he was the head of a household composed of his mother and himself have been resolved adverse to the appellant. See Anderson v. Garber, Fla.App.1966, 183 So.2d 693, 695.
In Florida, the rule has been established that homestead property is subject to levy under judgments recorded prior to the time such property became the homestead of the judgment debtor. Aetna Insurance Company v. LaGasse, Fla.1969, 223 So.2d 727, 728.
 The appellee-wife has moved for attorney’s fees, pursuant to Florida Appellate Rule 3.16, subd. e, 32 F.S.A. and § 61.-15, Fla.Stat. 1969, F.S.A. We have found no cases in Florida involving a similar factual situation. Here, in a proceeding after a final decree had been rendered, the husband moved the court for the following relief: an order of the court satisfying judgment, a protective order staying a sheriff’s sale as to realty owned by him, and a designation of his present residence as homestead. In pertinent part, § 61.15(1), Fla. Stat.1969, F.S.A. provides:
“(1) When an action is brought for the purpose of enforcing a judgment or order for the payment of alimony or support for children, the court may allow to the divorced wife such sums of suit money, including a reasonable attorney’s fee, as from the circumstances of the parties and the nature of the case are equitable.”
If a wife seeks to enforce a final judgment of divorce, she is entitled to attorney’s fees. Thompson v. Thompson, Fla.App.1969, 223 So.2d 95, 99. In that case, the court indicated that for a wife “To defend is to enforce the original final decree.” In Coggan v. Coggan, Fla.App.1966, 183 So.2d 839, 842, the court stated, “A divorced wife is entitled to attorney’s fees under § 65.16 in instances where it is necessary for her to either go into court or she is brought into court for the purposes of securing or defending her financial rights under the divorce decree.” We therefore express the view that an award of reasonable attorney’s fees for appellant services is within the provisions of the rule and statute cited.
For the reasons stated, the order appealed is affirmed, and appellee wife is awarded reasonable attorneys fees in the amount of $750.00.
Affirmed.