**VARVEL v. VARVEL (No. 3).**

No. 1319.

Circuit Court, Lake County.

January 7, 1972.

Michael E. Hamlin and William A. Jacob, both of Orlando, for the plaintiff.

Francis E. Pierce, Jr., Orlando, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This is a domestic relations proceeding. The cause currently before the court is a motion to tax costs, a motion for an award of suit money for the defendant wife, including attorney's fees, incurred since the last order of this court dated October 8, 1971, and a motion and notice of hearing for contempt. The current motions came on to be heard on January 4, 1972.

The current proceedings are the most recent proceedings in a domestic relations case which has been in an almost constant state of turmoil for almost five years. The divorce in this case occurred in this court in 1967, when the husband was 24 years old and the wife was 20 years old. Their sole child was then 3 years old. Since the divorce decree, litigation in this case has been frequent and consumed large amounts of time of the court and respective counsel. Substantial costs have been incurred. The case has been extensively litigated in both Orange and Lake counties in Florida, and in Missouri. The parties have even had a physical contest in Canada, when the husband abducted the child from the street and carried him to Florida. The issue was custody and the prize was their child. Complicated questions of Florida law and the law of other states were raised. Almost all of the facts were disputed. By the order of this court, custody of the child was awarded to the mother. This issue of custody has now been quiet for more than a year. The disputes since then have concerned the wife's suit money. The husband has shown a continuing resistance to the payment of the wife's suit money. This is the essence of the issues now before this court.

In November, 1970, the wife filed and served a motion for attorney's fees, costs and suit money for the period since December, 1969. Testimony of the parties was taken. The husband stipulated that he was able to pay a reasonable attorney's fee, costs and suit money. The wife's need for attorney's fees, costs and suit money was abundantly shown by the fact that she is a student receiving welfare payments and food stamps. Detailed evidence was adduced and substantial amounts of testimony were taken concerning the value of a reasonable attorney's fee for services rendered by the wife's attorney. Subsequently, the court issued its order dated April 1, 1971, awarding a reasonable attorney's fee of $2,500 and suit money in the amount of $76.41, for a total sum of $2,576.41, all of which was to be paid to the wife's attorney, instanter. The husband filed and served his motion for rehearing on this order.

The wife then filed and served her motion for attorney's fees and costs dated April 22, 1971, asking for costs for the expert witness fees for attorney Jefferson G. Ray for his services as an expert witness and his testimony concerning the value of a reasonable attorney's fee for the wife's attorney. He testified at the hearing on attorney's fees heard in this cause on March 13, 1971, and gave evidence concerning attorney's fees for the wife's attorney in opposing the husband's motion for rehearing, for arrangements in obtaining expert testimony and evidence in connection with Mr. Ray's fees, and the actual hearing on both matters. There were also certain additional costs. Attorney Christopher Ford testified concerning the value of an expert witness fee for attorney Jefferson G. Ray and also concerning the reasonable value of an attorney's fee for Francis E. Pierce, Jr., as attorney for the wife. By its order dated October 8, 1971, the court ordered the husband to pay a fee of $120 to the wife's attorney and allowed an expert witness fee to attorney Jefferson G. Ray of $250, together with costs of $8.16, for a total of $378.16, all of which was to be paid to the wife's attorney, instanter.

By a letter dated December 6, 1971, the husband advised the court, in essence, that he had applied to the wife's attorney for deferred terms for these payments and that he had been refused. He complained of ill health, tight money and financial difficulty in business. The wife subsequently moved this court to find the husband in contempt for failure to obey the court's orders of April 1, 1971, and October 8, 1971. Later the wife moved this court for the taxation of the costs of the hearing of January 4, 1972, attorney's fees in connection with that hearing, and a judgment for all costs, fees and expenses.

The husband objects to the allowance of an attorney's fee to the wife's attorney on the matters in connection with his motion for rehearing and also the proceedings concerning Mr. Ray's fee as an expert witness, and also in connection with the current enforcement proceedings. He objects to paying the wife's attorney's fees when the services concern the obtaining of an award of attorney's fees, and the enforcement of their payment. If the fees must be paid, the husband is asking for liberal terms for the payment of the fees and suit money. The amounts of the fees and suit money requested have been stipulated by the husband to be reasonable and correct, whether they are legally allowable or not.

The wife's theory of the current issue is that she is entitled to an award of all of her attorney's fee and suit money in all proceedings in this cause, including the defense of the motion for rehearing and that she is also entitled to her costs in connection with the testimony of the expert witness, and attorney's fees and suit money

in connection with the current enforcement proceedings. The wife states that the husband has wilfully failed or refused to pay the fees and suit money and should be adjudged in contempt of this court. She also asks for a judgment.

The only issue of fact in the case is whether the husband has wilfully failed or refused to pay the attorney's fees and suit money. The first question of law in the case is whether such fees and costs are allowable. The second question of law is whether the husband wilfully failed or refused to pay them. The question of the husband's wilful failure or refusal to pay is thus a mixed question of law and fact.

It is the conclusion of this court that the essential legal nature of the allowance sought is that of suit money to the wife to defray her cost for counsel fees and other expenses of suit. Novack v. Novack, 210 So.2d 215, 217; Smith v. Smith, 90 Fla. 824, 107 So. 257; Kolb v. Kolb, 103 Fla. 193, 137 So. 237; and Scanlon v. Scanlon (Fla. App. 1st), 154 So.2d 899. The awards sought by the current motion are part and parcel of the litigation, and cannot be separated from the previous litigation nor from the previous services and awards. The fees and costs allowable by the trial court are attributed to the wife because of her need for representation and suit money and her inability to pay for them. A divorce action is broad enough to adjudicate all claims arising between the parties. Novack v. Novack, supra. Accordingly, the wife is entitled to the award for attorney's fees and her costs sought in the current and previous motions. It is within the discretion of the chancellor to determine the equities concerning the wife's need for this suit money, and the husband's ability to pay it. Novack v. Novack, supra. Our appellate courts have frequently dealt with similar matters and they have given us a broad base of law from which to proceed. The court has the power to enforce its orders, judgments and decrees by appropriate action. An award of suit money, including attorney's fees in a divorce suit is controlled by the circumstances of the parties and the discretion of the chancellor. Coggan v. Coggan, 183 So.2d 839; Thompson v. Thompson, 223 So.2d 95. A wife who seeks to enforce a final judgment of divorce is entitled to attorney's fees. Kirkland v. Kirkland, 253 So.2d 728.

Under our new dissolution of marriage law, House Bill 17-C, 1971, which took effect July 1, 1971, sections 21 through 24, read as follows —

> Section 21. *Application.* — (1) This act applied to all proceedings commenced on or after its effective date; provided, however, that pending actions for divorce are deemed to have been commenced on the bases provided in section 7 of this act, and evidence as to such bases for dissolution of marriage after the effective date of this act shall be in compliance with this act.

(2) This act applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this act.

(3) In any action or proceeding in which an appeal was pending or a new trial was ordered prior to the effective date of this act, the law in effect at the time of the order sustaining the appeal or the new trial governs the appeal, the new trial, and any subsequent trial or appeal.

Section 22. Sections 61.041, 61.042, 61.051, and 61.15, Florida Statutes, are repealed.

Section 23. This act shall be supplemental to any existing provisions of law not specifically repealed herein.

Section 24. This act shall take effect July 1, 1971.

The matters of current suit money under consideration in this case by this court are based upon motions and petitions filed and served after July 1, 1971. Section 61.16 of the act reads as follows —

*Attorney's fees, suit money and costs.* — The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money and the cost to the other party of maintaining or defending any proceeding under this act, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Thus it can be seen that the foregoing case law is supplemented. The wife has been engaged in "maintaining . . ." a "proceeding under this act, including enforcement . . . proceedings." The right to the award can accrue in "any proceeding under this act." There is consequently statutory as well as case law which impels the court to grant the wife's petition.

The husband has admitted his failure to pay the sums awarded. He pleads lack of money. He admits the ability to secure it. Consequently, the court finds the husband's conduct to be wilful and he is therefore in contempt of this court.

It is the opinion of this court that the motion currently before the court is a continuation of an action brought by the wife in the form of a motion requiring the husband to show cause why he had not paid child support and for return of custody of the child from the husband to the wife, when the child had been taken (rule to show cause, December 8, 1969). It is also a continuation of an attack upon a former decree made by the husband for the purpose of changing custody of the minor child from the wife to the husband (plaintiff's petition for affirmative relief, December 16, 1969). It is also a series of proceedings commenced after July 1, 1971, dealing with acts which occurred after that date. The foregoing case law and statutory provisions provide the authority and

the jurisdiction of the court to act, irrespective of when the action took place, or when the papers were filed or served.

The facts of the case require the court to make the requested awards to the wife and to provide her with all the relief she has asked for. The wife is on relief. Her great need has been shown. The wife has also shown that the husband has substantial assets and a good income. She has shown that the husband has demonstrated his ability to obtain large sums of money on credit over a long period of time. He is paying obligations to others, and he ought to pay his obligations to his wife, as well. The court notes especially that the husband has borrowed a large sum of money, which is more than that which is required by this court's orders. This loan was made after the court's order of April 1, 1971, and it, and the proceeds of other subsequent loans were used for consumer purchases of a nature that cannot be termed necessary, but only luxuries.

It is true that the obligations of the husband stemming from this action are large, and they continue to grow larger. The husband has it within his power to stop this growth, at any time, by terminating his attacks and by complying with the court's orders. If he persists, as he has a legal right to do, then he must also recognize and meet the wife's legal right, in this case, to suit money. The husband has had excellent counsel in this cause. The court is informed and believes that counsel has given the husband good advice in this matter. Therefore, it is indeed unfortunate that the court must find the husband in contempt in this cause, for a second time. (See contempt order dated August 12, 1970.) The husband may not heed the advice of his counsel, but he must obey the orders of this court.

It is thereupon ordered and adjudged as follows —

The plaintiff, Ronald L. Varvel, is in contempt of this court, for his failure, neglect or refusal to make the payments required by this court's orders dated April 1, 1971, and October 8, 1971.

The plaintiff, Ronald L. Varvel, will be confined to the county jail of this county for a period of 6 months.

Imposition of this sentence is deferred until February 4, 1972, during which time the plaintiff may purge himself of this contempt by making the payments required by this court's orders dated April 1, 1971, and October 8, 1971, in the amount of $3,078.97, plus interest at the daily rate of 49 cents per day, said interest rate being computed as of January 5, 1972, all of which to be paid to the defendant's attorney, Francis E. Pierce, Jr., suite 865, Hartford Building, Orlando, and by giving written notice of such payments

to this court, and to Francis E. Pierce, Jr., at the aforesaid address, on or before 3 days following said payments. If the husband desires to so purge himself, he will pay at least $500, instanter, and the balance within 30 days of the date of this order.

If the plaintiff fails to purge himself of contempt, the clerk of this court will issue a writ of attachment directed to all and singular the constables and sheriffs of Florida commanding them, jointly and severally, to immediately attach the body of Ronald L. Varvel, and have his body before the Honorable W. Troy Hall, Jr., judge of the fifth judicial circuit, in and for Lake County, at 10 A.M., in the circuit court room on the fourth floor of the Lake County Courthouse, Tavares, on the first Monday following his arrest, to answer for the aforesaid contempt and to be imprisoned in the county jail of Lake County for his contempt, and further do what this court deems meet and just in this cause.

The wife is awarded her costs and attorney's fees prayed for in her motion dated December 23, 1971, in the amount of $189.40 for costs, and attorney's fees of $150, for a total of $339.40. The husband will pay this amount, instanter, to the wife's attorney at the aforesaid address.

All payments made pursuant to this order will be made by cash, cashier's check, or certified funds.

As of January 4, 1972, the plaintiff, Ronald L. Varvel, owes the defendant, Suzanne M. Varvel, the sum of all of the foregoing amounts, for a total of $3,418.37, and it is further adjudged that the defendant, Suzanne M. Varvel, recover from the plaintiff, Ronald L. Varvel, the sum of $3,418.37, for which let execution issue.