600 F.2d 481
 MASSACHUSETTS CASUALTY INSURANCE COMPANY, a Massachusetts
Corporation, Plaintiff-Appellant,
v.
Kenneth B. FORMAN, (Stephanie Forman, as the Personal
Representative of the Estate of Kenneth B. Forman,
deceased, substituted in the place and
stead of Kenneth B. Forman),
Defendant-Appellee.
 No. 77-1528.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 8, 1979.
 
 L. J. Cushman, Miami, Fla., for plaintiff-appellant.
 Burton Young, William L. Rogers, North Miami Beach, Fla., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before WISDOM, GOLDBERG and VANCE, Circuit Judges.
 GOLDBERG, Circuit Judge:
 
 
 1
 The appellant, Massachusetts Casualty Insurance Company, filed suit against appellee Forman seeking to rescind and cancel a disability insurance policy it had issued to Forman and to recover $5,500 disability benefits already paid. Forman counterclaimed for enforcement of the policy. We held that the company was entitled to recovery of the $5,500 paid benefits, but not to cancellation and rescission of the policy. Massachusetts Casualty Insurance Co. v. Forman, 516 F.2d 425 (5th Cir. 1975). We remanded to the District Court "to determine whether under the Florida law and the circumstances of this case there should be an award of (attorney) fees." Id. at 431. The District Court held that under Florida law F.S.A. § 627.428[1] Forman was entitled to the costs of "those legal services expended in obtaining that portion of the judgment on which he was successful," i. e. the determination that the insurance policy should not be cancelled. The district court then ordered:
 
 
 2
 That the Defendant, KENNETH B. FORMAN, do have and recover from the Plaintiff, the sum of Thirty Thousand and No/100 Dollars ($30,000.00) for the benefit of his counsel of record, Snyder, Young, Stern, Barrett & Tannenbaum, P.A., as and for a reasonable attorneys' fee, for which sum let execution issue.
 
 
 3
 Appellant does not dispute this determination of attorney fees owed to appellee. However, appellant did petition the District Court to set off against the attorney fees award to Forman the amount of erroneously paid benefits which the Court ordered Forman to pay appellant. The District Court denied appellant's petition for set off and appellant appealed. The sole issue before us is whether the District Court erroneously denied appellant's petition for set off.
 
 
 4
 We begin our analysis by asking whether federal or state law controls. At the outset we note that Fed.R.Civ.P. 54(d) vests discretionary power in a court to allow costs, including attorney fees. "In an action involving a non-federal matter state law should, however, normally be followed where the state law reflects a 'substantive' policy relative to non-conventional items of expense, such as attorney's fees." 6 Moore's Federal Practice § 54.77(2), at 1702 (2d ed. 1976).
 
 
 5
 The applicable Florida state law is Florida Statutes § 627.428, F.S.A., as amended July 25, 1967, which provides in part as follows:
 
 
 6
 (1) Upon the rendition of a judgment or decree * * * against an insurer and in favor of an insured * * * under a policy or contract executed by the insurer, the trial court, * * *
 
 
 7
 * * * shall adjudge against the insurer and in favor of the insured * * * a reasonable sum as fees or compensation for the insured's * * * attorney prosecuting the suit in which the recovery is had.
 
 
 8
 (3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.
 
 
 9
 The Supreme Court of Florida en banc has said that,
 
 
 10
 "This statute is a part of the public policy of the State of Florida and its purpose is to discourage the contesting of policies in Florida Courts and to reimburse successful plaintiffs reasonably for their outlays for attorney's fees when a suit is brought against them, or they are compelled to sue, in Florida Courts to enforce their contracts."
 
 
 11
 Feller v. Equitable Life Assur. Soc., 57 So.2d 581, 586 (Fla.1952).
 
 
 12
 "(This) Florida statute . . . reflects a substantial policy of the state which does not conflict with any federal statute or rule of court, and the substance of that statute should therefore be followed in this diversity case." Lumbermens Mutual Casualty Co. v. Renuart-Bailey-Cheely Lumber & Supply Co., 392 F.2d 556, 557 (5th Cir. 1968).
 
 
 13
 Nevertheless, even given that the District Court should follow state law in determining whether to award attorney fees, there is still the relatively independent question of what law the court should follow in determining whether to allow the requested set off between appellee's attorney fees and appellant's substantive award. Appellee urges that the policies which underlie the state law provision of attorney fees would be frustrated by allowing the cost award to be offset by a countervailing award. Moreover, a discrepancy between state and federal law on this matter might possibly lead some parties or, more likely, their attorneys to forum shop to avoid the set off risk.
 
 
 14
 However, we think that both state and federal law authorize the same result in this case that set off be permitted. With respect to state law, the leading Florida case on the question is Novack v. Novack, 210 So.2d 215 (Fla.1968). In Novack the Supreme Court of Florida held that the husband in a divorce action was entitled to have the costs of his successful appeal set off against the attorney fee award made "directly in favor of the wife's attorney." Id. at 217. We quote the court's analysis at length:
 
 
 15
 With respect to the setoff of costs of appeal against the attorney's fee award, which setoff was disallowed by the courts below, we note the District Court disallowed the setoff because the award of the attorney's fee of $36,500 was made directly in favor of the wife's attorney, Irving Cypen, pursuant to the applicable statute, Section 65.17, F.S.1965. While said section provided that the award of attorney's fees should be made directly to the wife's attorney, it did not alter the essential legal nature of the allowance as one to the wife of suit money to defray her cost for counsel fees as has been held in Smith v. Smith, 90 Fla. 824, 107 So. 257; Kolb v. Kolb, 103 Fla. 193, 137 So. 237, and Scanlon v. Scanlon (Fla.App.1st), 154 So.2d 899. The award of attorney's fees in the instant case is part and parcel of the result of the litigation between the spouses and cannot be separated therefrom by awarding the fees directly to a third party, the wife's attorney. The fees allowed by the trial court are attributable to the wife because of her need for representation and prior to being paid to the attorney they may be subject to reversal or diminution by reason of countervailing equities of the husband against the wife.
 
 
 16
 Id.
 
 
 17
 Given Novack, set off in the instant case may even be A fortiori under Florida law. The statute which authorized the award of attorney fees in Novack was F.S.A. § 65.17, F.S.1965 which read then in relevant part:
 
 
 18
 "Whenever any court shall make any allowance for attorney's fees * * * Such court may direct that all such allowances be paid to the attorneys * * * "
 
 
 19
 (emphasis added)
 
 
 20
 In contrast, the statute authorizing the award of attorney fees in the instant case speaks in terms of money owed by one party to the other party in the suit admittedly for the benefit of the party's lawyer, but not payable Directly to the prevailing party's counsel, as in the divorce statute.
 
 
 21
 The lower court in our case attempted to distinguish Novack. It wrote:
 
 
 22
 Plaintiff relies on Novak v. Novak, (Novack v. Novack), 210 So.2d 215 (Fla.1968). That case, involving set-off in a divorce setting, is not in point and is not authority for a set-off between the parties in this insurance case.
 
 
 23
 In divorce cases, attorney's fees are awarded to the wife to be paid to her attorneys. In this case, the Court specifically designated that attorney's fees were to be awarded to a certain law firm. To be the subject of a set-off, the claim must be held between the same parties in the same capacity. This requirement has not been met.
 
 
 24
 As is clear from our reading of the respective statutes, we think that the attorney fee award in the instant case is far more between "the same parties in the same capacity" than the award in the divorce action.[2] Since, under Florida law, a party has a right to have the court set off awards owed between "the same parties in the same capacity," and since that rule required set off in Novack, we find set off in the instant case is also permitted under state law.[3]
 
 
 25
 Appellee raises an argument concerning the difference between the policies underlying the award of attorney fees in suits between an insurer and an insured and in divorce actions. As noted earlier, two policies underlie the former: "to discourage the contesting of (insurance) policies in Florida Courts and to reimburse successful plaintiffs reasonably for their outlays for attorney's fees . . . ." Feller, supra, at 586. The purpose of the attorney fee statute in the divorce suit, on the other hand, seems to be exclusively to reimburse the prevailing party.[4]
 
 
 26
 Appellee argues that we should distinguish the instant case from Novack on the ground that the attorney fee provision in the insurance context is intended in part to discourage litigation by insurance companies. Appellee argues that we would undermine this policy if we allowed appellant to reduce the amount it owes appellee for his attorney fees by the amount appellee owes appellant for erroneously paid benefits.
 
 
 27
 We do not accept this view. The intent of the legislature to chill litigation by insurance companies is not so compelling that it outweighs all competing policies. Otherwise it could be argued that Any Judgment in favor of an insurer disserves the policy in the statute of discouraging litigation by insurance companies. In this case we have two competing policies. On the one hand, Florida has a policy of discouraging needless insurance litigation by requiring insurance companies to pay the attorney fees of an insured who prevails in litigation. On the other hand, Florida has a policy of allowing a party to set off mutually owed awards in a single suit. This policy serves the legitimate interest of the state in minimizing litigation over money which a court determines is legally owed by one party to another.
 
 
 28
 We think allowing the set off in this case adequately serves both these policies. An insurance company with a strong claim and a weak claim against an insured will still be chilled from litigating the latter by the attorney fee provision, even if the attorney fee award is susceptible to set off. The insurer will be chilled from litigating the weak claim because the insurer will fear that the award it wins in the first claim will be reduced by the cost of the opponent's attorney fees in the latter.
 
 
 29
 For example, in the instant case the insurance company had a valid claim for the return of $5,500 in erroneously paid benefits. It also had a much weaker claim for the cancellation of the policy, which claim it eventually lost. For litigating the cancellation issue it became liable to appellee for $30,000 in attorney fees. Obviously the duty to pay $24,500 in attorney fees is a real deterrent, as is the loss of the right to collect $5,500 in erroneously paid benefits. We do not see how allowing the insurer to set off the two amounts in this case encourages the company to litigate in the future frivolous cases or issues which are likely to reduce or eliminate money to which the company is legally entitled under other valid claims.[5]
 
 
 30
 Thus, we reject both the lower court's and appellee's arguments for distinguishing the instant case from Novack. In Novack the Florida Supreme Court, citing a line of Florida cases, said that under Florida law one party could set off an attorney fee award against a countervailing award in the case. We see no principled way to distinguish the instant case.[6]
 
 
 31
 Set off is also the proper result under federal law. Shinholt v. Angle, 90 F.2d 297 (5th Cir. 1937). See also Modern Distributors v. Wolin, 67 F.R.D. 620, 621 (C.D.Cal.1975) and Taylor v. Calmar, 35 F.Supp. 335 (E.D.Pa.1938) ("(A party) should not be permitted to collect a judgment in his favor leaving unpaid a judgment against him . . . (i)n ordinary cases"; allowing an exception for "an allowance for care and maintenance upon which the very life of the (party) depends."). Also see 10 Wright and Miller, Federal Practice and Procedure § 2667, at 134 ("The general rule is that a judgment for costs for one party may be set off against a judgment for another in the same action."). Moreover, such a practice is clearly appropriate under the Federal Rules of Civil Procedure, and Rules 13[7] and 56 in particular, which are designed to "expedite the resolution of all the controversies between the parties in one suit." 6 Wright & Miller, Supra, § 1403, at 13. Of course this is especially true where, as here, the opposing claims both arise from the same transactions or occurance.[8]
 
 
 32
 On the basis of these analyses, we conclude that Florida law and federal law are not in conflict. Under both, the set off petitioned for by appellant is permitted. Thus we hold that the lower court erred in denying appellant's petition for set off in this case. We reverse and remand to the district court for action consistent with this opinion.
 
 
 33
 REVERSED and REMANDED.
 
 
 
 [1]
 F.S.A. § 627.428 is reprinted in relevant part at p. 482, Infra
 
 
 [2]
 The lower court emphasized that the fees in our case were awarded to "a certain law firm" The court contrasted this with "divorce cases (in which) attorney's fees are awarded to the wife, to be paid to her attorney." First, this interpretation of Florida divorce law is obviously contrary to the clear language of F.S.A. § 65.17, which then provided that the fees be paid directly to the attorney. Moreover the court in Novack made clear that the award of attorney fees in that case was made "directly in favor of the wife's attorney, Irving Cypen." Finally, the Novack court rejected the validity of this kind of distinction, in any case, explaining that "(w)hile said section provided that the award of attorney's fees should be made directly to the wife's attorney, it did not alter the essential legal nature of the allowance as one to the wife of suit money to defray her cost for counsel fees . . . ." Novack, supra, at 217
 
 
 [3]
 This court and Florida state courts have made clear that one purpose of F.S.A. § 627.428 is to "reimburse successful (parties) for their outlays for attorney's fees . . . ." Salter v. National Indemnity Co., 160 So.2d 147, 148 (Fla.App. 1, 1964). See also Travelers Insurance Company v. Davis, 411 F.2d 244, 247 (5th Cir. 1969) and Feller v. Equitable Life Assurance Society of United States, 57 So.2d 581 (Fla.1952). This characterization of the attorney fee award as a Reimbursement to the prevailing party for expenses in the suit supports our view that the money is owed to the party, and not his lawyer. Thus "the fees . . . are attributable to the (party) . . . (and) subject to . . . diminution by reason of countervailing equities of (one party) against (the other)." Novack, supra, at 217
 
 
 [4]
 We are aware of no court saying the statute was intended to prevent divorce litigation, although we can imagine a legislature having such a purpose
 
 
 [5]
 Admittedly the most difficult case arises when the insured is judgment proof, and both the insurer and the insured have valid legal claims against each other. (The Record does not reveal whether or not the instant case fits this description.) One might argue that allowing an attorney fee set off in this hypothetical case would diminish the power of the attorney fee provision to deter litigious insurers. However, we note that Florida's deterrence policy is not so absolute that it forbids set off between the substantive awards made to both parties. Since such a set off opportunity gives value to the company's previously worthless claim against the insured, there would be little if any deterrence effect gained by applying a non-set off rule to the derivative attorney fee award. In other words, allowing the company to offset its previously worthless claim against the substantive award won by the insured in another claim will usually be a strong incentive to the insurer to litigate both claims, whether or not the insurer is allowed to offset against the attorney fee award to the insured as well
 
 
 [6]
 See also United States Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567 (Fla.1920) (attorney fees in mortgage foreclosure suit awarded to mortgagee, not his attorney), Block v. Gates, 68 A.2d 215, and 68 A.2d 898 (Mun.Ct. of App.D.C.) (allowing set off between attorney fees and an award), and Bruegge v. State Bank of Wellston, (Mo.) 74 S.W.2d 835 (allowing set off between attorney fees and an award)
 
 
 [7]
 Note especially Rule 13(c), which reads:
 "(c) Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party."
 "Rule 13(c) re-enforces the liberal provisions of Rules 13(a) and 13(b) by making it clear that a counterclaim may be asserted regardless of whether it simply tends to diminish or defeat the recovery sought by the opposing party, or seeks relief that exceeds the main claim in amount or is different in kind from the opposing party's demand . . . Rule 13(c), by specifically stating that 'a counterclaim may or may not diminish or defeat the recovery sought by the opposing party,' preserves the right of a party to plead either set-off or recoupment, as well as makes it clear that he is allowed to interpose a claim in excess of the main claim. Indeed, a limitation to the effect that a counterclaim is available only to the extent that it diminishes or defeats plaintiff's claim would not make sense in a modern system that encourages the assertion of affirmative claims by defending parties."
 
 
 [6]
 Wright & Miller, Supra § 1426, at 136-137
 Since appellant is requesting a set off which only diminishes the claim against it, and not one which defeats or exceeds the opposing claim, the instant case is A fortiori.
 
 
 [8]
 Of course this case is distinguishable from cases involving federal statutes explicitly providing for the award of attorney fees in federal causes of action. In such substantive federal law cases it might easily be the case that Congress would immunize the attorney fee award from set off to better serve the purposes of the underlying federal statutory scheme. See, e. g., Plant v. Blazer Financial Services, Inc. of Georgia, 598 F.2d 1357, slip op. p. 6399 (5th Cir. 1979) (attorney fee award to borrower in a Truth-in-Lending Act suit not subject to set off by a countervailing award to lender). However, the instant case involves a state law provision of attorney fees which we have determined is subject to set-off under state law. Under these circumstances we find no contrary or overriding federal law policy or provision dictating that set off should not be allowed. In sum, while there is an explicit federal policy to allow and protect the award of attorney fees in Truth-in-Lending litigation, we can find no similar federal interest in regulating the award of attorney fees in state insurance law litigation in federal courts. In such cases the federal purpose is only to provide a forum for parties of diverse citizenship. This interest alone obviously does not warrant overriding the state law policy permitting the set off in this case, nor justify straying from the general policy in the Federal Rules of Civil Procedure allowing the liberal set off of countervailing awards